UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DZIANIS HUZIANKOU, TIMUR KIM, AND AYATOLLA KUANYSH, individually and on behalf of all other persons similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>NY SWEET SPOT CAFE INC. d/b/a "Sweetspot Cafe," OLGA PERRY and IGOR SONIN, jointly and severally,<br><br>                              Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1.     Plaintiffs Dzianis Huziankou, Timur Kim, and Ayatolla Kuanysh (collectively "Named Plaintiffs") worked for Defendants NY Sweet Spot Cafe Inc. ("Sweetspot Cafe"), Olga Perry and Igor Sonin (collectively "Defendants") as waiters at their restaurant, Sweetspot Cafe, for approximately over a year, starting from Summer 2017 to as late as September 30, 2018.

2.     Named Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of Defendants, under Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay for all hours worked, (iv) failing to pay spread-of-hours pay, (v) unlawfully retaining gratuities, (vi) making unlawful deductions; (vii) failing to reimburse costs of uniforms and pay the additional required weekly amount for uniform laundering and maintenance; (viii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law

§ 195.1; and (ix) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3.    Named Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay for all hours worked, and (iv) making unlawful deductions.

<u>JURISDICTION AND VENUE</u>

4.    This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Named Plaintiffs' state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

5.    Venue is proper in this district under 28 U.S.C. §§1391(b)(1) and (2).

6.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

7.    Named Plaintiffs were and are, at all relevant times, adult individuals residing in Brooklyn, New York.

8.    Sweetspot Cafe is a domestic business corporation, organized and existing under the laws of the State of New York with its principal place of business at 2376 Coney Island Avenue, Brooklyn, New York.

9.      Defendant Sweetspot Cafe is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Sweetspot Cafe is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, beverages, computers, glassware, silverware and plates.

10.     Defendant Olga Perry, upon information and belief, owns, operates and controls Defendant Sweetspot Cafe's day-to-day operations and management and jointly employed Named Plaintiffs and other similarly situated employees at all relevant times.

11.     Defendant Igor Sonin, upon information and belief, owns, operates and controls Defendant Sweetspot Cafe's day-to-day operations and management and jointly employed Named Plaintiffs and other similarly situated employees at all relevant times.

12.     Each Defendant, either directly or indirectly, has hired and fired Named Plaintiffs and other employees, controlled their work schedule and employment conditions, and determined their payment rate and method.

<u>STATEMENT OF FACTS</u>

13.     Sweetspot Cafe is a restaurant located at 2376 Coney Island Avenue, Brooklyn, New York. Sweetspot Cafe serves Russian food and seats approximately 75 customers.

14.     The restaurant is open every day of the year except Yom Kippur. Its hours of operation are 12:00 p.m. to 11:00 p.m. from Monday through Sunday, however, the

restaurant often stays open until approximately 12:00 a.m. As such, Defendants' employees are often required to work as late as 1:00 a.m. or 2:00 a.m., performing side work after the customers leave.

15. Upon information and belief, Defendants Igor Sonin and Olga Perry are husband and wife and are both owners or principals of the restaurant. Additionally, Defendants Perry and Sonin work as the head chef and the sous chef at Sweetspot Cafe.

16. Defendants Sonin and Perry are regularly at the restaurant, interacting with customers and employees; they instruct employees what to do; they have the authority to hire and fire employees, change employees' pay and employee's schedules; and they are required by law to keep records regarding their employees' hours worked and compensation.

Duties Performed and Hours Worked[1]

17. Defendants employed Plaintiff Huziankou as a waiter from approximately June 15, 2017 to September 30, 2018.

18. Defendants employed Plaintiff Kim as a waiter from approximately August 2017 to August 2018.

19. Defendants employed Plaintiff Kuanysh as a waiter from approximately July 4, 2017 to July 28, 2018.

20. Named Plaintiffs, as waiters, were responsible for taking customers' food and beverage orders, serving them food and drinks, and performing non-tipped side-work, such as setting up tables, cleaning the restaurant, polishing silverware and etc.

21. During their employment with Defendants, due to high turnover, upon

---

[1] These subject lines are included only for organizational purposes.

information and belief, Named Plaintiffs worked with at least between 5 and 10 other waiters and bussers. From personally observing and speaking with them, Named Plaintiffs know that their coworkers performed the same primary duties as them and were compensated in the same manner by Defendants. These coworkers include but are not limited to: Natasha [last name unknown], Maxim [last name unknown], Sasha [last name unknown], Bella [last name unknown], Cira [last name unknown].

22.    Waiters are and were required to work from 12:00 p.m. and until after the restaurant closes and all side-work is completed.

23.    Monday through Thursday, Named Plaintiffs generally worked from approximately 12:00 p.m. to 12:00 a.m., equaling 12-hour shifts. On Fridays, all but one waiter began work at 12:00 p.m., and one waiter began work approximately at 5:00 p.m. On Fridays, Saturdays and Sundays, Named Plaintiff generally worked until 1:00 a.m. or as late as 2:00 a.m., equaling to 13- and 14-hour shifts.

24.    Plaintiff Huziankou generally worked 5 to 6 days per week, however, during busy seasons he worked 7 days per week.

25.    Plaintiff Kim generally worked 5 to 6 days per week, however sometimes he also worked 7 days per week.

26.    When working 5 shifts per week, Plaintiffs Huziankou and Kim worked at a minimum 55 hours per week. When working 6 shifts per week, Plaintiffs Huziankou and Kim worked at a minimum 67 hours per week. When working 7 days per week, Plaintiffs Huziankou and Kim worked at a minimum 79 hours per week.

27.     Plaintiff Kuanysh generally worked as a waiter 4 days per week, however from February through May 2018, he regularly worked 5 days per week, and from May through July 2018, he worked as many as 6 or 7 days a week.

28.     When working 4 shifts per week as a waiter, Plaintiff Kuanysh worked approximately 48 hours per week. When working 5 days as a waiter, Plaintiff Kuanysh worked at a minimum 55 hours per week. When working 7 days per week as a waiter, Plaintiff Kuanysh worked at a minimum 79 hours per week.

29.     In addition to his days worked as a waiter, Plaintiff Kuanysh was also occasionally required to perform a full day of clerical work and non-tipped side-work, for 10 days straight from October 20, 2017 to October 30, 2017, and once a week from approximately November 2017 to February 2018.

30.     When Plaintiff Kuanysh performed a full day of clerical work and non-tipped side-work, he worked from approximately 2:00 p.m. until 2:00 a.m. or 3:00 a.m., equaling to 12- to 13-hour shifts. On these days, regardless of the number of hours Plaintiff Kuanysh worked in a week, he was compensated $100.00 to $150.00 per shift in cash, making his effective hourly rate approximately $7.69 to $12.50 per hour.

31.     On the days when Plaintiff Kuanysh performed clerical work and non-tipped side-work, he was not allowed and did not exercise any meaningful discretion or independent judgment.

32.     During their employment with Defendants, Named Plaintiffs worked more than 40 hours in any given week.

33.     When working 7 days per week, Named Plaintiffs worked at a minimum approximately 79 hours per week.

34. The weekly work schedule consists and consisted of 3 to 4 individuals working as waiters and 2 to 3 individuals working as bussers. Additionally, approximately 5 waiters have been working for Defendants, since, approximately, summer 2018.

35. From speaking with their coworkers and personal observations, Named Plaintiffs know that other waiters and bussers were, like them, regularly scheduled to work and did, in fact, work more than 40 hours in a week.

36. When Named Plaintiffs and other individuals worked for Defendants, they were not given any meal break period. Instead, Named Plaintiffs were required to buy their meals from Defendants at the regular price of the items listed on the menu, and were only allowed to eat their meals in between performing their regular duties.

37. Named Plaintiffs and other waitstaff regularly did not have uninterrupted meal breaks.

38. Defendants had no policy or practice in place for Named Plaintiffs and the other waiters and bussers to clock in or out, or otherwise track their hours worked.

39. Based on the turnover rate they witnessed, Named Plaintiffs estimate that Defendants employed at least 40 workers in the past six years.

Hourly Rate, Gratuities, Overtime, Spread-of-Hours Pay, Deductions

40. Defendants charge customers a 10% service fee on all bills. Named Plaintiffs also could receive additional tips from customers, which were above and beyond the 10%.

41. Defendants failed to pay Named Plaintiffs and other similarly situated employees *any* hourly minimum rate of pay for *any* of the hours that they worked.

42.     Instead, Defendants allowed Named Plaintiffs to keep only a portion of the service charges and tips left by the customers.

43.     Defendants unlawfully deducted a part of the service fees, paid by customers by credit cards, left to Named Plaintiffs and their coworkers as gratuities.

44.     Defendants illegally deducted 10% from the 10% credit card service fees, which is an amount that far exceeds any credit card processing fee.

45.     Defendants did not inform their customers that they were retaining any portion of the service fees. Customers reasonably believed 100% of the service fee was being remitted to the waiters and other serving staff.

46.     When customers left the Named Plaintiffs a tip with credit card, which was above and beyond the 10% service fee, Defendants deducted 10% from those tips.

47.      At the end of each shift, Named Plaintiffs were instructed to take cash from the registrar, which represented only a portion of the credit card tips and service fees left to them by customers. They did not receive any cash for any hours worked.

48.     Named Plaintiffs were required to pay the bussers from the service fees and tips that Named Plaintiffs were allowed to keep, after Defendants' deductions.

49.     Defendants paid Named Plaintiffs below the minimum wage requirements. In fact, by not paying Named Plaintiffs and other similarly situated employees any wages for any of the hours worked, their effective hourly rate was $0.00.

50.     The applicable minimum wage and "tipped minimum wage" under New York and Federal law during the applicable years were as follows:

| Year | FLSA Min. Wage[2] | FLSA Tipped Min. Wage[3] | Labor Law Min. Wage[4] | Labor Law Tipped Min. Wage[5] |
|------|-------------------|--------------------------|------------------------|-------------------------------|
| 2015 | $7.25 | $2.13 | $8.75 | $5.00 |
| 2016 | $7.25 | $2.13 | $9.00 | $7.50 |
| 2017 | $7.25 | $2.13 | $11.00 | $7.50 |
| 2018 | $7.25 | $2.13 | $13.00 | $8.65 |

51.     Defendants did not allow Named Plaintiffs and all similarly situated employees to retain all of their tips and as such Defendants cannot claim any "tip credit": the difference between the statutory minimum wage and the rate tipped employees may be paid, against the unpaid minimum wages owed to Named Plaintiffs

52.     Although Named Plaintiffs and other similarly situated employees regularly worked more than 40 hours per week, Defendants did not pay Named Plaintiffs overtime premium pay: 1.5 times their regular hourly rate.

53.     Named Plaintiffs' effective hourly rate was below Federal and New York's minimum wage for all years and below New York's tipped minimum wage for all years.

54.     For days that Named Plaintiffs worked more than 10 hours in a day, Defendants did not pay them spread-of-hours pay: an extra hour at the minimum wage.

55.     If a customer failed to pay their bill, Defendants deducted that customer's bill from Named Plaintiffs' and other waitstaff's tips and services fees.

56.     Additionally, Defendants deducted various sums of money from Named Plaintiffs' tips and services fees for any items broken in the regular course of business, such as any broken plates or lamps.

---

[2] http://www.dol.gov/whd/minwage/coverage.htm (last visited September 17, 2018).
[3] *Id.*
[4] http://www.labor.ny.gov/stats/minimum_wage.asp (last visited September 17, 2018).
[5] http://www.dol.gov/whd/state/tipped.htm (last visited September 17, 2018).

57. From speaking with them, Named Plaintiffs know that other waiters and bussers, like them, were not paid any minimum or overtime hourly wage, and were paid below the statutory minimum wage, were paid below New York's tipped minimum wage, were not paid for all hours worked, were not paid overtime premium pay, were not paid spread-of-hours pay, did not receive 100% of their service charges and tips, and had deductions from their compensation when customers did not pay their bill or if any items were broken at work.

58. Defendants had no policy or practice to track how much in tips Named Plaintiffs and other waiters received on a daily or weekly basis.

Non-Tipped Side-Work

59. During their employment with Defendants, Named Plaintiffs were regularly required to perform non-tipped side-work, such as cutting lemons and breed, filling up sauce containers, cleaning tables, floors, walls, and toilets, sweeping and cleaning the sidewalk and restaurant exterior, carrying dirty dishes to stations and to the basement, performing repair work, moving packages and deliveries, carrying water, purchasing milk and ingredients, restocking the fridge, doing laundry, ironing table clothes and napkins, cleaning air conditioning filters, cleaning lamps, cleaning the bar, cleaning and polishing plates, glasses and silverware, packaging food for delivery and pick up, taking reservations and party bookings, answering phone calls and accepting delivery orders, coordinating and accepting deposits for parties, and taking out garbage ("Non-Tipped Work").

60. Named Plaintiffs performed Non-Tipped Work for more than 4 hours every day without being paid any compensation for the work performed.

61.     Like Named Plaintiffs, other similarly situated employees performed Non-Tipped Work generally amounting to more than twenty percent (20%) of their time at work, without receiving any hourly wage compensation.

62.     Defendants engaged in a regular pattern and practice of requiring Named Plaintiffs to perform Non-Tipped Work for more than twenty percent (20%) of their work time, and therefore were and are ineligible under federal and/or state law to take a "tip-credit" and pay Named Plaintiffs less than the minimum wage for non-tipped employees for straight time hours and for overtime hours that Plaintiffs worked.

Uniform Violations

63.     Defendants required Named Plaintiffs and their coworkers to purchase and wear a specific uniform, which includes uniform shirts, aprons and pants.

64.     Defendants failed to reimburse Named Plaintiffs and the similarly situated employees for the cost of the uniforms.

65.     Defendants failed to pay Named Plaintiffs and the similarly situated employees an allowance for the care, maintenance and cleaning of their uniforms, which Defendants required them to wear during their employment for the Defendants.

66.     As a result of not reimbursing or compensating them for their uniform expenses and maintenance, Defendants effectively further reduced Plaintiffs' wages below the statutory minimum wage requirement.

Labor Law Notice and Wage Statement Violations

67.     Named Plaintiffs never received any checks or paystubs from Defendants and were simply required at the end of each day to take cash for service charges and tips that the customers left them.

68.     Defendants failed to provide Named Plaintiffs and other similarly situated employees with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

69.     Likewise, Defendants did not provide Named Plaintiffs or the other waitstaff with an accurate wage statement under N.Y. Lab. Law § 195.3 with a any wage payment.

70.     Defendants did not post at the restaurant a poster advising Named Plaintiffs and other employees of their right to a minimum wage and overtime premium pay.

<u>CLASS ACTION ALLEGATIONS</u>

71.     Named Plaintiffs assert these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were waitstaff and other comparable tipped positions with different titles, including "waiter," "waitress," "server" or "busser" at any time since October 12, 2012 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

72.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 40 Class Members exist.

73.     Named Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

74. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

75. Named Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

76. Named Plaintiffs have the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

77. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a. whether Defendants employed Named Plaintiffs and the Class Members, individually or jointly, within the meaning of the Labor Law;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Named Plaintiffs and the Class Members;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed or refused to pay the Class Members minimum wages, overtime premium pay for all hours worked in excess of forty (40) hours per workweek, and spread-of-hours pay;

e.	whether Defendants made unlawful deductions from the Class Members' wages;

f.	whether Defendants qualify for the "tip credit" and whether they gave the Class Members proper notice of the "tip credit" as required by 12 N.Y.C.R.R. §§ 146-1.3 and -2.2;

g.	whether Defendants required Class Members to perform Non-Tipped Work in excess of twenty percent (20%) of their work time;

h.	whether Defendants maintained adequate records of the tips that the Class Members received;

i.	whether Defendants failed to reimburse Class Members for uniform expenses and maintenance;

j.	whether Defendants failed to provide the Class Members with wage notices and wages statements under Labor Law §§ 195.1 and 195.3;

k.	whether Defendants withheld tips and/or gratuities within the meaning of the Labor Law, violating Labor Law § 196-d;

l.	whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Named Plaintiffs and the Class Members are employed;

m.	whether the individual Defendants participated in the day-to-day management of the restaurant and are "joint employers" and liable to Named Plaintiffs and the Class Members;

n.	whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

o.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

COLLECTIVE ACTION ALLEGATIONS

78.     Under 29 U.S.C. § 206, Named Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were wait staff and other comparable tipped positions with different titles, including "waiter," "waitress," "server" or "busser" at any time since October 12, 2015 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

79.     Named Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including but not limited to:

a.      whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.      whether the Collective Action Members performed similar duties;

c.      whether Defendants failed to keep true and accurate time records for all hours Named Plaintiffs and the Collective Action Members worked;

d.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e.      whether Defendants willfully or recklessly violated the FLSA;

f.      whether Defendants failed to pay the Collective Action Members minimum wages, and overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

g.      whether Defendants improperly withheld tips and gratuities, violating 29 U.S.C. § 203(m);

h.     whether Defendants are entitled to avail themselves of the "tip credit" for unlawfully retaining the tips, requiring Plaintiffs to perform more than twenty percent (20 %) Non-Tipped Work, and failing to properly inform the Collective Action Members of the "tip credit";

i.     whether Defendants should be enjoined from such violations of the FLSA in the future; and

j.     whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>FIRST CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(On Behalf of Named Plaintiffs and the Collective Action Members)

80.     Named Plaintiffs repeat and reallege every allegation of the preceding paragraphs as if set forth fully herein.

81.     Named Plaintiffs consent in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

82.     Defendants employed, and/or continue to employ, Named Plaintiffs and the Collective Action Members within the meaning of the FLSA.

83.     Defendants knowingly failed to pay Named Plaintiffs and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

84.     Defendants were required to pay Named Plaintiffs and the Collective Action Members the full minimum wage rate for all hours worked.

85.     Defendants failed to pay Named Plaintiffs and the Collective Action Members at the minimum wage and at the "tipped minimum wage" for all hours worked.

86.     Defendants were and are not permitted to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, because: (i) Defendants failed to inform Named Plaintiffs and the Collective Action Members of the provisions of the FLSA, 29 U.S.C. § 203(m); (ii) Defendants required Plaintiffs to perform Non-Tipped Work for more than twenty percent (20%) of their work; and (iii) Defendants retained a portion of Named Plaintiffs' and the Collective Action Members' tips.

87.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

88.     As a result of Defendants' FLSA violations, Named Plaintiffs and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

<u>SECOND CAUSE OF ACTION</u>
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Named Plaintiffs and the Collective Action Members)

89.     Named Plaintiffs repeat and reallege every allegation of the preceding paragraphs as if set forth fully herein.

90.     Defendants were required to pay Named Plaintiffs and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they

were paid for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

91.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

92.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

93.     Defendants have not made a good faith effort to comply with the FLSA with respect to Named Plaintiffs and the Collective Action Members' compensation.

94.     Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

95.     In failing to compensate Named Plaintiffs and the Collective Action Members for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

<u>THIRD CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

96.     Named Plaintiffs repeat and reallege every allegation of the preceding paragraphs as if set forth fully herein.

97.     Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Named Plaintiffs and the Class Members.

98.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Named Plaintiffs and the Class Members.

99.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Named Plaintiffs and the Class Members the statutory minimum wage.

100.    Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

101.    Upon information and belief, Defendants failed to furnish Named Plaintiffs and the Class Members a statement with every wage payment listing the correct hours worked, rates paid, allowances taken, gross wages, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

102.    Defendants failed to pay the Class Members the statutory minimum wage for each hour worked, making them liable for those hours at the statutory minimum wage.

103.    Defendants failed to pay Named Plaintiffs and the Class Members at the statutory "tipped minimum wage."

104.    Defendants were and are not eligible to avail themselves of the Labor Law tipped minimum wage rate under 12 N.Y.C.C.R.R. §§ 137-2.1, 2.2 because: (i) Defendants failed to inform Named Plaintiffs and the Class Action Members of the provisions of Labor Law's tip credit provisions; (ii) Defendants required Plaintiffs to

perform Non-Tipped Work for more than twenty percent (20%) of their work; and (iii) Defendants retained a portion of Named Plaintiffs' and the Class Action Members' tips.

105.    Defendants are accordingly liable to Named Plaintiffs and the Class Action Members for the unpaid hourly minimum wage for all the hours worked.

106.    Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the minimum wage.

107.    Due to Defendants' Labor Law violations, Named Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

108.    Named Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

FOURTH CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

109.    Named Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

110.    Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Named Plaintiffs and the Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

111.    Defendants failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 146, § 146-1.4of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

112.    In failing to compensate Named Plaintiffs and the Class Members for all compensable hours worked, Defendants violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 146-1.2, 1.4.

113.    Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

114.    Due to Defendants' Labor Law violations, Named Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>FIFTH CAUSE OF ACTION</u>
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

115.    Named Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

116.    Defendants failed to pay Named Plaintiffs and the Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each day during which they worked more than ten (10) hours (i.e., "spread-of-hours pay"), violating 12 N.Y.C.R.R. § 146-1.6.

117.    By failing to pay Named Plaintiffs and the Class Members spread-of-hours pay, Defendants have willfully violated the New York Lab. Law Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations.

118.    Due to Defendants' Labor Law violations, Named Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages,

statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

SIXTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATITUTIES
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

119.    Named Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

120.    The service fee Defendants charged and the tips that customers left to Named Plaintiffs and the Class Members are gratuities that belong to them under N.Y. LAB. LAW § 196-d.

121.    Defendants have willfully violated N.Y. LAB. LAW § 196-d by unlawfully retaining a portion of the service fees and tips, which are gratuities that should be remitted to the Class Members.

122.    Due to Defendants' violations of the Labor Law, Named Plaintiffs and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SEVENTH CAUSE OF ACTION
UNLAWFUL DEDUCTIONS UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

123.    Named Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege every allegation of the preceding paragraphs as if fully set forth herein.

124.    The unpaid wages at issue in this claim are "wages" under N.Y. Lab. Law § 190(1).

125. N.Y. Lab. Law § 193 prohibits deductions from wages that are not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency and are not expressly authorized in writing by the employees and are not for the benefit of the employee.

126. N.Y. Lab. Law § 198-B(2) prohibits persons from, inter alia, requesting, demanding, or receiving, either before or after such employee is engaged, a return, donation, or contribution of any part or all of said employee's wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

127. Defendants violated the Labor Law in deducting from Named Plaintiffs and the Class Members' wages for meals that customers did not pay and for costs of broken plates and lamps.

128. Due to Defendants' violations of the Labor Law, Named Plaintiffs and the Class Members are entitled to recover from them the unlawfully deducted wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. Lab. Law § 633(1).

EIGTH CAUSE OF ACTION
NEW YORK LABOR LAW – UNIFORM VIOLATIONS
(Brought on Behalf of Named Plaintiffs and Class Action Members)

129. Named Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

130. Defendants failed to pay Named Plaintiffs and the Class Members the full amount of their wages as a result of deductions for uniform-related expenses, violating

Labor Law Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

131.    Defendants required Named Plaintiffs and the Class Members to purchase and wear a specific uniform while working.

132.    Defendants failed to reimburse Named Plaintiffs and the Class Members for the cost of the uniforms, violating 12 N.Y.C.R.R. § 137-1.8.

133.    Additionally, Defendants failed to launder or maintain the uniforms that they required Named Plaintiffs and the Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

134.    Due to Defendants' violations of the Labor Law, Plaintiff and the Class Members are entitled to recover from Defendants their costs for purchasing the uniforms, unpaid uniform related expenses, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

NINTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

135.    Named Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

136.    Defendants have willfully failed to supply Named Plaintiffs and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of their first employment date.

137.    Due to Defendants' violations of Labor Law § 195.1, Named Plaintiffs and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable

attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

TENTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Named Plaintiffs and the Class Action Members)

138. Named Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

139. Defendants have willfully failed to supply Named Plaintiffs and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

140. Due to Defendants' violations of Labor Law § 195.3, Named Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Named Plaintiffs and their counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency

of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Named Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

        c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

        d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

        e.      An award for unpaid minimum wage under the Labor Law and the FLSA;

        f.      An award for unpaid overtime premium pay, including, but not limited to, for "off the clock work," under the Labor Law and the FLSA;

        g.      An awarded for unlawfully retained gratuities under the Labor Law and the FLSA;

        h.      An award for unpaid spread-of-hours pay under the Labor Law;

        i.      An awarded for unlawful deductions under the Labor Law;

        j.      An award for reimbursement of uniform-related expenses, business-related expenses and for unlawful deductions under the Labor Law;

        k.      An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

l.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

m.      An award of liquidated damages as a result of Defendants' Labor Law violations;

n.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

a.      Equitably tolling the statute of limitations under the FLSA;

b.      An award of pre-judgment and post-judgment interest;

c.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

d.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Named Plaintiffs demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
      October 12, 2018

LIPSKY LOWE LLP


<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky
Christopher H. Lowe
Milana Dostanitch, Esq.
630 Third Avenue, Fifth Floor
New York, New York 10017
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com
chris@lipskylowe.com
milana@lipskylowe.com