UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DZIANIS HUZIANKOU, TIMUR KIM, AND AYATOLLA KUANYSH, individually and on behalf of all other persons similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>NY SWEET SPOT CAFE INC. d/b/a "Sweetspot Cafe," OLGA PERRY and IGOR SONIN, Jointly and Severally,<br><br>      Defendants. | ECF CASE<br><br>No.: 1:18-cv-5715 (RER) |

<u>DECLARATION OF DOUGLAS B. LIPSKY</u>

DOUGLAS B. LIPSKY, hereby declares to the Court as follows:

1.  I am a member of the Bar of this Court and a partner of the law firm Lipsky Lowe LLP, attorneys for Plaintiffs Dzianis Huziankou, Timur Kim and Ayatolla Kuanysh, and opt-in Plaintiff Maksim Talkachou. I submit this Declaration in support of Plaintiffs' motion for preliminary approval of the classwide settlement agreement and release, conditional certification of the settlement class, appointment of Plaintiffs' Counsel as class counsel, approval of the proposed notice of settlement, and the scheduling of a final fairness hearing (the "Motion"). I know the facts testified to in this Declaration to be true based on my own personal knowledge and a review of the documents.

2.  Lipsky Lowe LLP has extensive experience prosecuting class and collective actions and is qualified to represent the Plaintiffs and putative class members. Lipsky Lowe has no interest that is adverse to the class; our interests are aligned. Attached to this Declaration as Exhibit A is a short biography of Lipsky Lowe.

A.      Investigation of the Class Claims

3.      Lipsky Lowe's ("Plaintiffs' Counsel") investigation began before the lawsuit was filed by interviewing the Named Plaintiffs and, later on also, the opt-in Plaintiff, about their duties, hours worked, wages received, gratuities and tips received, uniform expenses and notices received. Following Defendants' December 6, 2018 Answer, the parties engaged in informal discovery about Defendants' time and wage practices, where they confirmed that they do not have any meaningful time or wage records.

4.      As part of their investigation, Plaintiffs' Counsel also learned the class size is approximately 23 persons.

5.      Through this investigation and in considering the legal arguments Defendants would ultimately make at summary judgment, which were foreshadowed during informal discovery, Plaintiffs' Counsel was able to analyze the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses.

6.      During this investigation, Plaintiffs' Counsel considered the substantial expense and time necessary to conduct discovery, including multiple depositions and to prosecute the litigation through dispositive motions, class certification, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this litigation. In considering these factors, Plaintiffs' Counsel made an informed decision that it is in the Named Plaintiffs, opt-in Plaintiff, and putative class members' best interest to settle this matter on the terms described in the June 11, 2020 Classwide Settlement Agreement and Release ("Agreement"), and the Agreement is fair, reasonable and adequate to the class members. A true and correct copy of the Agreement is attached hereto as Exhibit B.

B.     Settlement Negotiations

7.     The parties engaged Roger Briton as a Court-appointed mediator. Prior to the December 9, 2019 mediation, the parties submitted to Mr. Briton *ex parte* mediation statements, in which they set forth the bases for their claims and defenses, the strengths and weaknesses of the claims and defenses, and their respective settlement ranges. The parties then attended a mediation session that he administered, during which the parties vigorously debated the claims and defenses. No settlement was reached during the December 9 mediation. The parties, however, continued to discuss a possible resolution, engaging in numerous arm's-length negotiations and conferences with The Honorable Raymond R. Reyes, Jr., U.S.M.J., and exchanges of proposed settlement terms. A settlement in principle was ultimately reached on May 4, 2020 to resolve this matter for $235,000.

8.     With a settlement in principle on many terms, the parties began drafting the eventual Agreement. It was not, however, until June 11, 2020 the parties fully-executed the Agreement.

9.     As part of these terms and conditions, the parties have negotiated the timing and allocation of the payments and the nature and content of the Settlement Notice and Claim Form, which are Exhibit C to this Declaration.

10.     In Plaintiffs Counsel's estimation, the settlement represents a meaningful percentage of the recovery that Plaintiffs and the class members would have achieved had they prevailed on their claims, including unpaid wages, unlawfully retained gratuities, unlawful deductions, failure to pay for uniform costs and statutory violation claims, and survived a trial and appeal. In Counsel's estimation, the proposed class is owed $757,760.32 in compensatory damages and statutory penalties for these claims. With Defendants not having any meaningful

time or wage records, we used the Plaintiffs' and opt-in Plaintiff's ("Class Representatives") information to make an informed estimate as to how much the Class Members are owed: we calculated the total damages owed to the Class Representatives; we divided that amount by the total number of weeks they all worked to get an average of how much they are owed per week; using that averaged amount, we multiplied it by the number of weeks worked by each Class Member to estimate how much they are each owed. As such, the settlement amount equals almost 31% of the compensatory damages that Plaintiffs allege is owed to the putative class members.

11.     Based on their experience and Plaintiffs' responses, Plaintiffs' Counsel anticipates the putative class members will react favorably to this settlement upon being informed of the terms.

12.     In agreeing to the Agreement, Plaintiffs' Counsel considered a substantial risk exists that, if this suit proceeded, both parties intend to move for summary judgment and that this matter is likely headed to trial if neither party prevails on its motion. Counsel also considered that, if the Court denied Defendants' summary judgment motion, it may subsequently deny Plaintiffs' class certification motion, and that, even if certification were granted, Plaintiffs and the class members might not have prevailed on any or all of their claims. Plaintiffs' Counsel also considered the high likelihood that Defendants would appeal any adverse rulings, which would, at a minimum, substantially delay any recovery and present a risk that such rulings would be reversed in its favor.

13.     Defendants' restaurant is a private entity, and its financial information is not publicly available. Accordingly, Plaintiffs cannot independently determine whether Defendants could withstand a judgment greater than what the Agreement would provide. However, Defense

-4-

Counsel has stated Defendants lack the financial resources to satisfy a full judgment and this is even more so considering the financial distress the COVID-19 pandemic has placed on its business, as it has been closed for business since early March.

D.     Conclusion

14.     These settlement terms are fair, reasonable, and adequate.

I hereby declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Dated: New York, New York
        June 11, 2020

s/ Douglas B. Lipsky
Douglas B. Lipsky
LIPSKY LOWE LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
212.392.4772
doug@lipskylowe.com
*Attorneys for Plaintiffs*

# EXHIBIT A

**LIPSKY LOWE LLP**
420 Lexington Avenue, Suite 1830
New York, New York 10170
Phone: 212.392.4772 Fax: 212.444.1030
www.lipskylowe.com

<u>LIPSKY LOWE LLP – FIRM DESCRIPTION</u>

Lipsky Lowe LLP is a New York City-based law firm specializing in employment law in New York and New Jersey. It was founded by Douglas Lipsky and Christopher Lowe, two attorneys who worked together at one of the nation's premier labor and employment firms, Seyfarth Shaw LLP.

<u>Douglas B. Lipsky</u>
Douglas B. Lipsky co-founded Lipsky Lowe LLP in November 2016. Prior to that, he co-founded Bronson Lipsky LLP on August 2, 2011 where he successfully recovered millions of dollars for his clients in cases involving discrimination, sexual harassment, retaliation, wrongful termination, breach of contract, and unpaid wages, tips, and overtime. Widely respected among his peers, Mr. Lipsky has been named a New York Magazine Super Lawyer for every year since 2011.

Mr. Lipsky received dual undergraduate degrees, in Finance and Political Science, from the University of Arizona in 2000. Mr. Lipsky subsequently graduated from Seton Hall University School of Law cum laude in 2003. During the summer after his first year of law school, he served as an intern for the Honorable Alfred J. Lechner, Jr. (Ret.), United States District Court Judge for the District of New Jersey. He then, upon graduating from law school, served as a law clerk for the Honorable Arthur D'Italia, Superior Court of New Jersey, Law Division, Hudson County (Ret.).

While at Seyfarth Shaw, Mr. Lipsky represented employers in defending against complex wage and hour class and collective actions under the Fair Labor Standards Act and state laws. In one such case, he defended an employer in a nationwide class and collective action that involved claims of alleged de facto deductions that purportedly reduced the class members' wages below the statutory minimum wage: Teoba v. Trugreen Landcare LLC, 1:10-cv-6132769 (W.D.N.Y. 2011). In another such case, he defended an employer in a nationwide class and collective action, in which the plaintiffs alleged they were misclassified as exempt from receiving overtime: Tracy v. NVR, Inc., 1:04-cv-6541 (W.D.N.Y.). While at Seyfarth Shaw, Mr. Lipsky was also a contributing author to a definitive treatise on wage and hour litigation: Wage & Hour Collective and Class Litigation, ALM Law Journal Press (2012).

<u>Christopher H. Lowe</u>
Christopher Lowe, before co-founding Lipsky Lowe, was an attorney at Seyfarth Shaw for 17 years – 12 of them as partner. While there, he led the firm's New Jersey Employment Practice Group, represented numerous Fortune 500 and mid-sized companies, providing a wide range of day-to-day counseling and litigating in state and federal trial and appeals courts, the Equal

Employment Opportunity Commission, the New York State Division of Human Rights, the New Jersey Division on Civil Rights, AAA, JAMS and FINRA.

Mr. Lowe received his undergraduate degree cum laude from St. Michael's College in 1992; he received his M.B.A. from the W. Paul Stillman School of Business, Seton Hall University in 1998; and he received his Juris Doctorate from Seton Hall University School of Law cum laude in 1998.

Milana Dostanitch

Milana Dostanitch joined Lipsky Lowe in 2018 as an Associate. She focuses her practice in employment law, including individual, complex collective and class action litigation under federal and state laws. Prior to joining Lipsky Lowe, Milana worked at a prominent plaintiff-side employment law firm where she represented home attendants, construction workers, servers and other tipped employees, tailors, drivers, and domestic workers to recover their unpaid wages and benefits in complex wage and hour litigation, under Fair Labor Standards Act, Home Care Worker Wage Parity Act, and other New York and New Jersey state laws.

Milana is an Adjunct Professor at Fordham University School of Law, where she teaches a seminar on trial preparation and courtroom presentation. Milana also serves on the Women in the Legal Profession Committee and the United Nations Committee of the New York City Bar Association.

Milana graduated from Trinity University with a double major in Business Administration and International Affairs and a minor in Spanish. She earned her J.D. from Fordham University School of Law in 2014, where she was placed on the Dean's List for her academic accomplishments. During the summer after her first year of law school, she served as an intern for the Honorable John W. Sweeny Jr., New York State Supreme Court Justice for the Appellate Division, First Department.

Sara Isaacson

Sara Isaacson joined Lipsky Lowe as an Associate in 2019. Her practice focuses exclusively on employment law, including the recovery of unpaid wages, and recovery of damages for gender, age, race, national origin, disability, sexual orientation, and religious discrimination and harassment. Prior to joining Lipsky Lowe, Sara was an associate at an employment firm that specializes in representing employees in federal employment matters and effectively advocated for hundreds of employees to recover their unpaid wages in complex wage and hour litigation under the Fair Labor Standards Act, and other New York and New Jersey state laws.

Sara graduated from the University of Michigan in 2011 with a double major in Economics and Organizational Studies. Sara earned her J.D. from Benjamin N. Cardozo School of Law in 2015.

Prior Appointments as Class Counsel

Lipsky Lowe, has been appointed as class counsel in other class and collective actions under the New York Labor Law and Fair Labor Standards Act for unpaid overtime and other wage and hour violations. *See, e.g.*, *Cruz v. Plaza Motors of Brooklyn Inc.*, 1:16-cv-6177

(CLP)(E.D.N.Y.) (class action involving 70-plus employees); *Tutein v. Esteemed Patrol Inc., et al.*, 1:12-cv-1847 (KAM) (RER) (E.D.N.Y) (class action involving over 2,300 members); *Donnelly, et al. v. Peter Luger of Long Island, Inc.*, 2:13-cv-1377 (LDW) (ARL) (class action involving over 50 class members); *Spencer v. No Parking Today, Inc.*, 1:12-cv-6323 (ALC) (AJP) (S.D.N.Y.) (class action involving over 1,000 members); Stil*lman v. Read and Succeed, LLC, et al.*, 1:12-cv-3856 (JBW) (JO) (E.D.N.Y.) (class involving approximately 50 members); Ceka v. PBM/CMSI Inc., et al., 1:12-cv-1711 (DAB) (DCF) (S.D.N.Y.) (involving approximately 350 members); *Sewell v. Allparking Management Inc.*, 1:11-cv-8039 (PKC) (S.D.N.Y) (class action involving approximately 80 members); *Gay v. Tri-Wire Engineering Solutions, Inc.*, 1:12-cv-2231 (KAM) (JO) (E.D.N.Y.) (class action involving over 200 members); O*verton v. Mega Tempering & Glass Corp.*, 1:13-cv-54 (JG) (VMS) (involving failure to pay overtime claim to approximately 200 factory workers).

# EXHIBIT B

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-010839FA5EZE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DZIANIS HUZIANKOU, TIMUR KIM, AND AYATOLLA KUANYSH, individually and on behalf of all other persons similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>NY SWEET SPOT CAFE INC. d/b/a "Sweetspot Cafe," OLGA PERRY and IGOR SONIN, Jointly and Severally,<br><br>       Defendants. | ECF CASE<br><br>No.: 1:18-cv-5715 (RER) |

## CLASSWIDE SETTLEMENT AGREEMENT AND RELEASE

  This Classwide Settlement Agreement and Release is entered into between Plaintiffs Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh, and opt-in Plaintiff Maksim Talkachou, as individuals on behalf of all Settlement Class Members as defined below, and Defendants NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Café," Olga Perry and Igor Sonin and is subject to the terms and conditions hereof and the final approval of the U.S. District Court for the Eastern District of New York.

## DEFINITIONS

  1. <u>Action</u>. The class and collective action complaint filed by Dzianis Huziankou, Timur Kim, and Ayatolla Kuanysh in the United States District Court for the Eastern District of New York, entitled <u>Dzianis Huziankou, Timur Kim, and Ayatolla Kuanysh, individually and on behalf of all other persons similarly situated v. NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Cafe," Olga Perry and Igor Sonin, Jointly and Severally</u>, Case No. 1:18-cv-05715 (RER), which is currently pending.

  2. <u>Agreement or Settlement Agreement</u>. This Settlement Agreement and Release.

-1-

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839FA5EZE

3. <u>Authorized Claimant</u>. Any Settlement Class Member who timely files a fully completed Claim Form on or before 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members (i.e., Bar Date), and who are entitled to receive a Final Settlement Payment Under this Agreement. Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant.

4. <u>Bar Date</u>: The date that is 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members.

5. <u>Claim Form</u>. The document, which is mutually agreed upon by the Parties, that is to be used by Settlement Class Members who choose to file a claim in the Action. A copy of the Claim Form is attached hereto as Exhibit B.

6. <u>Claim Submission Period</u>. The period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date. The Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant.

7. <u>Claims Administrator</u>. Analytics Consulting LLC, or such other entity, agreed upon by the Parties, who will perform all of the administrative duties assigned below in Paragraphs 41, 43 through 46.

8. <u>Claims Payment</u>. The total amount Defendants must pay to fund the Gross Settlement Sum.

9. <u>Class Counsel</u>: Douglas B. Lipsky and Milana Dostanitch of Lipsky Lowe LLP.

10.     <u>Class Counsel's Costs</u>. The total amount of Class Counsel's attorney's costs, including postage, filing fees, copying, and other litigation costs, to be approved by the Court upon application by Class Counsel. This amount is included in the Gross Settlement Sum. Class Counsel, however, reserves the right to apply to the Court for additional costs if meaningful efforts are necessary to enforce the Agreement's terms, including a motion to enforce the Agreement's terms and to have the Court enter the Consent Judgment.

11.     <u>Class Counsel's Fees</u>. The total amount of Class Counsel's attorney's fees to be approved by the Court upon Class Counsel's application, in an amount not to exceed 33.33% of the Gross Settlement Sum. This amount is included in the Gross Settlement Sum. Class Counsel, however, reserves the right to apply to the Court for additional fees if meaningful efforts are necessary to enforce the Agreement's terms, including a motion to enforce the terms of this Agreement and to have the Court enter the Consent Judgment (attached hereto as Exhibit C).

12.     <u>Class Representatives</u>. Plaintiffs Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh, and opt-in Plaintiff Maksim Talkachou.

13.     <u>Defendants</u>. NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Café," Olga Perry and Igor Sonin.

14.     <u>Final Approval Order</u>. The Court's Order entered that finally approves the Agreement's terms and conditions as fair, just, equitable, reasonable, adequate and in the best interests of the Class; permanently enjoins all Settlement Class Members from pursuing, or seeking to reopen, Released Claims against the Released Parties; and requires the Parties to carry out the provisions of this Agreement. The Parties shall submit a Final Approval Order setting forth this Agreement's terms, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Fairness Hearing or at such other time as the Court deems appropriate.

15.    <u>Final Effective Date</u>. The date when the Court enters the Final Approval Order. The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise in the Agreement.

16.    <u>Final Fairness Hearing</u>. The hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as this Agreement contemplates. The date of the Final Fairness Hearing shall be set by the Court and notice of such hearing shall be provided to Settlement Class Members and in the Settlement Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members, other than those who are Objectors. To allow for all the events set forth in this Agreement to occur, the Parties shall request that the Court schedule the Final Fairness Hearing for at least 90 days after entering the Preliminary Approval Order.

17.    <u>Gross Settlement Sum or GSS</u>. Subject to final Court approval and the conditions specified in this Agreement, and in considering the mutual covenants and promises set forth herein, Defendants agree to make a total payment under this Agreement in the maximum amount of $235,000.00. The GSS includes payments to be made to Authorized Claimants, Class Counsel's attorneys' fees and costs and the Service Payments to Plaintiffs. Except for the payment of the Settlement Expenses and their share of payroll taxes, for which Defendants are solely responsible, Defendants shall not be required to pay any amounts above the GSS under this Agreement.

18.    <u>Net Settlement Sum or NSS</u>. The Gross Settlement Sum less Class Counsel's fees and costs, and the Service Payments.

19.    <u>Objection Period</u>. The period beginning with the date the Settlement Notice and Claim Forms are post-marked to Settlement Class Members and ending on the Bar Date (i.e., the

Claim Submission Period). Settlement Class Members must file an objection so that it is post-marked by the Bar Date to be considered timely.

20.     <u>Objector</u>. A Settlement Class Member who has timely and properly objected to the Agreement during the Claim Submission Period.

21.     <u>Parties</u>. Plaintiffs and Defendants and, in the singular, refers to any of them, as the context makes apparent.

22.     <u>Plaintiffs</u>. Plaintiffs Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh, and opt-in Plaintiff Maksim Talkachou who, together with Class Counsel, covenant and represent they are the duly-authorized legal agents for the Settlement Class Members, and, upon Court approval, will serve as the duly-authorized legal agents for the Rule 23 Settlement Class and the FLSA Settlement Class, with respect to the Action and this Agreement, and that, upon Court approval, will act as legal representatives for the Rule 23 Settlement Class and the FLSA Settlement Class, and make decisions on their behalf concerning the Action, the method and manner of conducting the Action, and the execution of this Agreement on behalf of the Settlement Class. With regards to the Plaintiffs' Released Claims, Plaintiffs means Plaintiffs Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh, and opt-in Plaintiff Maksim Talkachou, including their respective current, former and future heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, attorneys, and assigns.

23.     <u>Preliminary Approval Order</u>. The Court's Order that: (i) preliminarily approves the Agreement's terms and conditions; (ii) asserts jurisdiction over the claims alleged, the Parties in the Action, and the implementation and administration of this Agreement; (iii) approves the Settlement Notice (or as the same may be modified by subsequent mutual agreement of the

Parties with the Court's approval) as adequate, fair, and reasonable and in the best interests of Plaintiff and the Settlement Class; (iv) preliminary certifies under Fed. R. Civ. P. 23 and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") the Settlement Class for purposes of settlement only; (v) appoints Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh and Maksim Talkachou as lead Plaintiffs, who together with Class Counsel, shall be authorized to act on behalf of the Settlement Class with respect to the Action and this Agreement; (vi) appoints Class Counsel as counsel for the Settlement Class under Fed. R. Civ. P. 23(g); (vii) approves the Settlement Notice and authorizes is distribution; (viii) appoints Analytics Consulting LLC as the Parties' Claims Administrator; (ix) approves the 60-day period as a sufficient and appropriate time period for Class Members to decide whether to submit a Claim Form, Opt-Out or object to the Settlement Agreement; and (x) sets the date for the Final Fairness Hearing. A proposed Preliminary Approval Order is attached hereto as Exhibit D.

24.    <u>Released Claims</u>. "Released Claims" shall become effective on the Final Effective Date and means both the Plaintiffs' Released Claims and the Settlement Class Members' Released Claims as defined in this section hereinbelow.

a.    Plaintiffs' Released Claims. Plaintiffs' Released Claims include the Settlement Class Members' Released Claims as defined in section 24(b) of this Agreement, as well as all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues arising in any way from Plaintiffs Dzianis Huziankou's, Timur Kim's, Ayatolla Kuanysh's, and opt-in Plaintiff Maksim Talkachou's employment by Defendants and the Released Parties at any time between June 12, 2015 and December 31, 2018. This includes all claims that Plaintiffs have had, now have or may have in the future, whether known or unknown, contingent or absolute, suspected or

-6-

unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued

or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might

be asserted in any court, tribunal or proceeding, against all Defendants and all Released Parties,

both individually and as entities.

      b.    Settlement Class Members' Released Claims. In connection with the

Released Parties employing the Settlement Class Members as waiters, waitresses, servers, or

bussers at any time between June 12, 2015 and December 31, 2018, the Settlement Class

Members will be releasing the Released Parties of all claims, demands, rights, actions, causes of

action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, attorneys' fees,

expenses, matters and issues that (1) concern the Released Parties' alleged failure to pay the

minimum wage and failure to pay overtime premium pay under both the FLSA and the NYLL,

failure to pay for all hours worked, failure to pay spread-of-hours pay, unlawfully retaining

gratuities, making unlawful deductions, failure to reimburse uniform costs and the associated

cost of laundering and maintaining the uniforms, failure to pay to provide the Notice and

Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, and failure to provide an

accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and (2) could

have been asserted under the New York Labor Law or any other New York statute, under the

FLSA or any other federal statute and common law concerning any acts or omissions, whether

known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed,

liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent,

occurring between June 12, 2015 to December 31, 2018. Further, the Released Claims includes

all types of relief available for the above-referenced theories of relief, including but not limited

to, any unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping

violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. The Final Approval Order shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Released Claims in the future. The Final Approval Order shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Released Claims in the future.

26. <u>Released Parties</u>. Defendants and all of their affiliated entities, and their past, present, and future parent companies, affiliates, predecessors, successors, partners, owners, joint ventures, affiliated organizations, insurers, reinsurers and assigns.

26. <u>Reversion</u>. The amounts allocated from the NSS as set forth in the Agreement that are not claimed because a Settlement Class Member does not submit a timely and valid Claim Form or opts-out of this Settlement Agreement. 100% of the Reversion will be allocated to the Authorized Claimants under the formula set forth in Paragraph 37.b.

27. <u>Service Payments</u>. The amounts to be approved by the Court for payment to the Plaintiffs in recognizing their efforts on behalf of the Settlement Class Members in the Action. The allocation of the Service Payments has been determined based upon the amount of time expended by the Plaintiffs in actively pursuing this Action, and shall include $10,000.00 to be paid out to Plaintiffs Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh, and Maksim Talkachou. These awards reflect the work they have performed in assisting Class Counsel with this Action and pursuing this Action, including in-person and telephonic conferences with Class Counsel, and assisting in informal discovery during the settlement and negotiation process; attending a mediation conference with Court appointed mediator and preparing with a mediation session with The Honorable Ramon E. Reyes, Jr. , which was later rescheduled and converted to

an attorneys only conference. The Service Payments shall be in addition to any Settlement Payment Plaintiffs receive.

28.     Settlement Class or Settlement Class Members:  The individuals identified on the April 4, 2019 collective action list that Defendants prepared and provided, which lists all individuals whom Defendants have employed or are employing who hold or held the title of "waiter," "waitress," "server" or "busser" at any time from June 12, 2015 to December 31, 2018, including their respective current, former and future heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, attorneys, and assigns. Attached hereto as Exhibit A is a true and correct copy of that list. The Settlement Class shall consist of the following individuals and shall be defined as follows:

a.      Rule 23 Settlement Class: Plaintiffs and those listed on the April 4, 2019 collective action list, whom Defendants have employed or are employing who hold or held the title of "waiter," "waitress," "server," or "busser" at any time from June 12, 2015 to December 31, 2018.

b.      FLSA Settlement Class: Plaintiffs and those listed on the April 4, 2019 collective action list, whom Defendants have employed or are employing who hold or held the title of "waiter," "waitress," "server," or "busser" at any time from June 12, 2015 to December 31, 2018.

29.     Settlement Expenses. The reasonable fees, costs, and expenses incurred by the Claims Administrator in performing the services authorized in this Settlement Agreement. The Claims Administrator will submit an all-inclusive budget to counsel for the Parties for their approval before performing any claims administrative services. Defendants shall be fully and

solely responsible for the Settlement Expenses and shall pay that amount directly to the Claims Administrator, the timing of which is not dependent on when the Court enters the Preliminary Approval or Final Approval Order.

30.     Settlement Notice. The notice substantially in the form of Exhibit E to be directed to Settlement Class Members and to explain the Settlement Agreement and Settlement Class Members' options, which shall be sent to the class following entry of the Preliminary Approval Order.

31.     Settlement Payment. The payment to an Authorized Claimant, which is calculated using the settlement formula outlined in Paragraph 37 of this Agreement.

32.     The Court. The United States District Court Eastern District of New York, the Honorable Ramon E. Reyes, Jr. U.S.M.J., presiding.

## TERMS AND CONDITIONS

33.     NOW THEREFORE, in considering the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set herein, the Plaintiffs, individually and on behalf of the Settlement Class Members, on the one hand, and Defendants, on the other hand, agree that the Action shall be, and is finally and fully compromised and settled, on the following terms and conditions:

34.     Non-Admission Of Liability. The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation. In entering into this Agreement, Defendants and Released Parties do not admit, and specifically deny, they have violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any

-10-

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F5A5EZE

misrepresentation or deception; or engaged in any other unlawful conduct with respect to their employees. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendants or Released Parties of any such violation(s) or failure(s) to comply with any applicable law. Likewise, by entering into this Agreement, Defendants and Released Parties in no way admit to the suitability of this case for class or collective-action litigation other than for purposes of settlement. Settlement of the Action, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or Released Parties, or of the truth of any of the factual allegations in any and all Complaints filed in the Action; (b) are not, shall not be deemed to be, and may not be used to establish the existence of any condition constituting a violation of, or noncompliance with, federal, state, local or other applicable law and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants or Released Parties in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement. In addition, the Parties intend this Settlement Agreement to be contingent upon the preliminary and final approval of this Agreement; and the Parties do not waive, and instead expressly reserve, their respective rights to prosecute and defend this Action as if this Agreement never existed if the Settlement Agreement is not fully and finally approved as set forth herein.

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-019839F A5EZE

35.     Release Of Claims.

a.     As of the date of the Court filing and entering the Final Approval Order, and except as to such rights or claims as may be created by this Settlement Agreement, each Plaintiff and each and every Settlement Class Member, shall be deemed to have forever and fully released and discharged all Released Parties from all Released Claims (defined above in Paragraph 24). Settlement Class Members shall be deemed to have forever and fully released all of their FLSA claims, which are within the scope of the Released Claims, only if they opt-into the FLSA collective action by submitting a timely and valid Claim Form.

b.     By the filing and entering of the Final Approval Order, Settlement Class Members give up their right to individual damages in connection with any administrative, arbitration, or court proceeding by the Attorney General, New York State Department of Labor and/or the United States Department of Labor covering the Released Claims, and if Settlement Class Members are awarded money damages, they shall assign to Defendants their right and interest to such money damages. Should any agency or third-party seek to assert on their behalf any of the Released Claims, Settlement Class members shall designate Defendants as the recipient of, or otherwise pay over to Defendants, any recovery (whether by way of judgment or settlement) obtained as to such claims.

c.     Except as provided for in this Agreement, Class Counsel and Plaintiffs, on behalf of Settlement Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against the Released Parties for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the class in this Action.

d.     The Parties agree for settlement purposes only that, because the Settlement Class is so numerous, it is impossible or impracticable to have each Settlement Class Member

execute this Agreement. Accordingly, the Class Notice will advise all Settlement Class Members of the binding nature of the release and such notice shall have the same force and effect as if each Settlement Class Member executed the Agreement.

      e.    Plaintiffs and Class Counsel represent, covenant, and warrant they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged, except as set forth herein.

36.    <u>Attorneys' Fees, Expenses and Service Award</u>. The Parties agree, subject to Court approval, the $235,000.00 Gross Settlement Sum shall be apportioned as follows:

      a.    Class Counsel will apply to the Court for an award of attorneys' fees of no more than $78,325.50. Defendants will not oppose such application.

      b.    Class Counsel will apply to the Court for an award of attorneys' costs. Defendants will not oppose a request for up to $1,000.00 in attorneys' costs.

      c.    Class Counsel will apply to the Court for Service Payments in an amount not to exceed $10,000.00 to be paid to each of the Plaintiffs. Defendants will not oppose such application.

37.    <u>Settlement Payments and Calculation of Claims.</u>

      a.    <u>Individual Settlement Payments.</u> Authorized Claimants shall be awarded their Settlement Payments from the NSS based on the following formula. First, the total number of weeks worked by the Authorized Claimant between June 12, 2015 to December 31, 2018 is divided by the total weeks worked by all Settlement Class Members within that period to obtain a percentage of the weeks worked during the settlement period. Second, this percentage is multiplied by the Net Settlement Sum to obtain the appropriate dollar amount allocated to that particular Authorized Claimant.

The following example illustrates the formula set forth in this Paragraph (37.a). For this example: the Authorized Claimant worked 100 weeks; the Settlement Class Members Worked 2,000 weeks; the NSS equals $275,000.00.

Step one: 100 (Authorized Claimant's weeks worked) / 2,000 (Settlement Class Members' total weeks worked) = 5% (Authorized Claimant's Percentage of the NSS).

Step two:  5% x $275,000.00 (NSS) = $13,750.00 (Settlement Payment).

b.   <u>Reversion Payments</u>. 100% of the Reversion will be allocated to the Authorized Claimants, with 0% reverting to the Defendants. The Reversion Payments made to the Authorized Claimants will be based on the following formula. First, an Authorized Claimant's Individual Settlement Payment (from the formula in Paragraph 37.a) is divided by the total Individual Settlement Payments for every Authorized Claimant. Second, this percentage is then multiplied by the Reversion sum to calculate each Authorized Claimant's share of the Reversion. If the Court reduces the attorneys' fees and costs or Service Payments to the Plaintiffs, this reduced amount will be part of the Reversion and will be distributed to the Authorized Claimants under the formula set forth in this Paragraph. The Reversion is accordingly intended to include any and all amounts left over after distribution to the Authorized Claimants, the amounts awarded to Class Counsel and the Service Payments.

The following example illustrates the formula set forth in this Paragraph (37.b). For this example: the Authorized Claimant's Individual Settlement Payment is $13,750.00; total Individual Settlement Payments for every Authorized Claimant is $200,000.00; Reversion is $75,000.00; 100% of the Reversion equals $75,000.00, which is allocated amongst the Authorized Claimants.

Step one:  $13,750.00 (Individual Settlement Payment) / $200,000.00 (Total Individual Settlement Payments) = 6.875% (Authorized Claimant's Percentage of Total Settlement Payments).

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

Step two:  6.875% x $75,000.00 (Reversion to Be Allocated to Authorized Claimants) = $5,156.25 (Reversion Payment).

c.     If an Authorized Claimant fails to deposit or cash his check during the 180-day period it is a valid, negotiable instrument, that Authorized Claimant's Settlement Payment will be distributed to those who did timely deposit or cash their checks on a *pro rata* basis, which is calculated based on their Settlement Payment relative to the total Settlement Payments that were deposited or cashed. These payments will continue until all funds under the Settlement Payments are depleted.

d.     The Parties acknowledge the above formulas were devised as practical, fair, and logical tools to simplify the claims process.

d.     The Parties agree that, under no circumstances shall Defendants be obligated to pay any amount under this Agreement to any Settlement Class Member other than Authorized Claimants.

38.     <u>Timing of Payments/Funding the Settlement</u>. Defendants shall have 12 months to make all of the payments specified above in Paragraphs 36-37. Defendants will make 12 equal payments of $19,583.33 to the Claims Administrator as follows: the first payment is to be made 30 calendar days from the date the Court enters the Preliminary Approval Order or August 3, 2020, whichever is later; and the remaining 11 payments to be made within 30 days of each preceding payment.

39.     <u>Tax Treatment of Service Payments and Settlement Payments</u>. 50% of any Individual Settlement Payment will be considered taxable wages, and shall be made net of all applicable standard payroll deductions, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839FA5EZE

Internal Revenue Service on an IRS Form W 2. The remaining 50% of the Settlement Payments shall be for alleged liquidated damages and interest, and will be reported as such to each Authorized Claimant on an IRS Form 1099. The Plaintiffs will be issued an IRS Form 1099 for any Service Payments the Court approves.

a.      All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law. In this regard, Defendants make no representations regarding the taxability of the Settlement Payments.

b.      Except as provided in Paragraphs 29 and 36, each Party shall bear his, her, or its own attorneys' fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action. Class Counsel agree that any allocation of fees among the Class Counsel and any other attorney that may be representing Plaintiffs or the Settlement Class shall be the sole responsibility of Class Counsel, and Class Counsel agree to indemnify and hold harmless Defendants from any claims or liability by any other Party claiming or seeking to claim any attorneys' fees or costs.

c.      Plaintiffs and the Authorized Claimants will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement.

40.     <u>Default and Security for Payments.</u>

a.      Defendants will be in default (a "Default") if: (a) they fail to make any of the settlement payments as set forth above in Paragraphs 36-39 and (b) they have still failed to make any of the required Settlement Payments within 14 calendar days of Defendants' counsel (Irene Sinayskaya of Sinayskaya Yuniver, P.C.) receiving a notice of default (via email is sufficient). If Defendants are in Default, then Defendants agree to the jurisdiction of the Court

entering the Consent Judgment, as set forth in Paragraph 40.b. and attached hereto as Exhibit C. Under the Consent Judgment, Defendants will: (a) be jointly and severally obligated immediately to pay to the Claims Administrator all the unpaid Settlement Payments set forth in this Agreement (i.e., all remaining Settlement Payments shall accelerate to become due immediately), and (b) will be jointly and severally obligated, and Defendants Olga Perry and Igor Sonin will be individually liable, to immediately pay to the Claims Administrator an additional amount equal to $50,000.00, which is to be divided amongst the Authorized Claimants and Class Counsel on a *pro rata* basis. With respect to any Settlement Payment, Defendants agree that, if any such payment is not paid as required, Defendants will pay for all costs and attorneys' fees incurred relating to any efforts or actions taken to collect any such payment, including the Consent Judgment.

b.      Upon executing this Agreement, Defendants shall provide to Class Counsel an executed Consent Judgment in the amount of $285,000.00 (including the $50,000 penalty for breach of the Agreement) in the form attached hereto as Exhibit C. Class Counsel may enter the Consent Judgment, without further notice, against Defendants if Defendants are in Default (as that term is defined above in Paragraph 40.a.) on their obligations under Paragraphs 36-39. Class Counsel shall hold the Consent Judgment in escrow and will destroy it if and when Defendants fulfill their obligations under Paragraphs 36-39. If it is necessary for Class Counsel to enter the Consent Judgment, any recitals in this Agreement denying liability shall become null and void. The Consent Judgment shall not be enforceable and will be void if the settlement agreement and Final Approval of the settlement agreement is not granted.

c.      Financial distress due to the COVID-19 pandemic will not excuse an untimely payment.

41.      <u>Notice Procedure</u>.

a.      The Claims Administrator shall distribute the notices and the Settlement Payments.

b.      Within 7 calendar days after the Court enters the Preliminary Approval Order, Defendants shall provide the Claims Administrator the April 4, 2019 collective action list containing all the Settlement Class Members that identifies for each Settlement Class Member his/her last known address and telephone number that Defendants have in their possession, the corrected dates of his/her employment (as agreed between Class Counsel and Defendants' Counsel) from June 12, 2015 to December 31, 2018, and the total number of weeks worked during that period. The Claims Administrator shall then process and update the addresses using the National Change of Address ("NCOA") Database that the U.S. Postal Service maintains. If any Class Member has filed a U.S. Postal Service change of address request, the address listed with the NCOA shall be utilized in connection with the mailing. Defendants' Counsel agrees to consult with the Claims Administrator as required to provide the list in a format reasonably acceptable. The Claims Administrator shall then calculate each Settlement Class Member's minimum Settlement Payment under the formula set forth in Paragraph 37.a and list that amount in the Claim Form.  The Claims Administrator will keep the list confidential, use it only for the purposes described herein, take adequate safeguards to protect confidential or private information and return or certify the destruction of the information upon completion of the settlement administration process.

c.      Within 15 calendar days after the Preliminary Approval Order is entered, The Claims Administrator shall send the Class Notice and Claim Form to each Settlement Class Member, along with a pre-paid, self-addressed return envelope. Defendants' Counsel, Class Counsel and the Claims Administrator collectively may correct immaterial errors on the Class Notice, Claim Form or other mailed materials without approval from the Court provided the changes do not alter the Preliminary Approval Order. Every Settlement Class Member whose

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-01B839FA5EZE

Class Notice and Claim Form is not returned to the Claims Administrator as undeliverable within 15 calendar days after mailing is conclusively presumed to have received the Class Notice.

d.  The Claims Administrator shall provide Defendants' Counsel and Class Counsel within 7 calendar days after the Claims Administrator's receipt from the U.S. Postal Service with a copy of any undelivered envelopes for any Class Members whose Class Notice and Claim Form is returned to the Claims Administrator as undeliverable.

e.  Within 7 calendar days of receiving any undelivered envelopes, the Claims Administrator will perform one skip trace using social security numbers provided by Defendants, as needed, to verify the accuracy of the addresses provided and re-mail the Class Notice and Claim Form for those forms returned to sender. The Parties recognize Accurint, or something comparable, is an appropriate research tool for this purpose.

f.  Settlement Class Members will have 60 calendar days from the initial mailing of Claim Forms to submit their claims or opt out, with proof of date of submission to be the postmark date. Settlement Class Members will also have 60 calendar days to object to the Settlement Agreement's terms by filing an objection with the Court that sets forth the basis of the objection and serving the objection on Class Counsel and Counsel for Defendants.

g.  The Claims Administrator shall re-mail any Class Notice and Claim Form returned by the Post Office with a forwarding address. It shall be conclusively presumed that those Settlement Class Members whose re-mailed Class Notice and Claim Form is not returned to the Claims Administrator as undeliverable within 15 calendar days after re-mailing, actually received the Class Notice and Claim Form.

h.  Within 7 calendar days of the Claims Administrator receiving any deficient Claim Form, the Claims Administrator shall re-mail the Claim Form to the Settlement Class

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

Member along with a return envelope, and identify the deficiency for the Settlement Class

Member and inform the Settlement Class Member that he/she has until the Bar Date or 10

calendar days after the Claim Form is re-mailed, whichever is later, for him/her to re-submit

his/her Claim Form. Any Claim Form that is cured after the 10 day period or the Bar Date,

whichever is later, will not be considered effective.

           i.    Within 7 calendar days of the Court adjourning the Final Fairness Hearing,

to the extent it happens, the Claims Administrator shall mail a notice and a text message of the

new date and time to any Settlement Class Member who submitted a timely and valid objection.

           j.    Within 30 calendar days of the Bar Date, the Claims Administrator shall

mail a reminder postcard to the Settlement Class Members that states:

> REMINDER ABOUT THE DEADLINES IN THE CLASS ACTION SETTLEMENT IN *HUZIANKOU, ET AL. V. NY SWEET SPOT CAFÉ INC D/B/A "SWEETSPOT CAFÉ," ET AL.*
>
> This is a reminder about important deadlines in the class action settlement in *Huziankou, Timur Kim, and Ayatolla Kuanysh, individually and on behalf of all other persons similarly situated v. NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Cafe," Olga Perry and Igor Sonin, jointly and severally*, Case No. 1:1:18-CV-5715 (RER) (U.S. District Court Eastern District of New York).
>
> On [Mail date], you were mailed two documents in connection with this settlement: the "Notice of Proposed Class Action Lawsuit Settlement and Final Fairness Hearing"; and the "Individual Settlement Class Member Claim Form" ("Claim Form"). As explained in those documents, [Bar Date] is the deadline for you to submit your Claim Form if you want to participate in the settlement, request to be excluded from the settlement, or file any objections regarding the settlement. If you do not timely submit a claim form and do not request to be excluded, you will be bound by the terms of the settlement agreement and not receive any money from this settlement.
>
> If you have any questions, you should contact the Court-appointed Claims Administrator, Analytics Consulting LLC at [phone number]. You should not contact the Court.

           k.    The Claims Administrator shall provide to Class Counsel at least 14

calendar days before the Final Fairness Hearing a declaration confirming: the Class Notice and

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

related forms were mailed to all Class Members as required by this Agreement; the number of Claim Forms that were initially returned as undeliverable; the number of Claim Forms that were initially returned as undeliverable and re-mailed to a new address; the number of Claim Forms that were returned as undeliverable for which there was no new address to re-mail it; the number of timely and valid requests to be excluded from the Settlement Agreement; the number of deficient Claim Forms for which the deficiencies were not timely cured; a list of the Settlement Class Members (identifying them by just first and last name); a list of all Settlement Class Members (identifying them by just first and last name) who timely request to be excluded from the Settlement Agreement; and any additional information Class Counsel and/or Defendants' Counsel deem appropriate to provide to the Court.

42.     <u>Claims-Made Nature Of The Settlement</u>. The Settlement Agreement will be on a claims-made basis, meaning the Settlement Payments shall be distributed only to Authorized Claimants. Therefore, individual Settlement Class Members will be entitled to receive a Settlement Payment only if they do all of the following: (i) complete the Claim Form in its entirety; (ii) sign the Claim Form certifying that its contents are true and correct; and (iii) return the Claim Form to the Claims Administrator with a postmarked date that is on or before the Bar Date. Settlement Class Members who do not properly or timely submit a Claim Form will not be entitled to any portion of the NSS.

43.     <u>Claims Procedure</u>.

a.     The Claims Administrator will provide a copy of all Claim Forms and postmarked envelopes in which the Claim Forms are delivered that it receives to Class Counsel and Defendants' Counsel within 5 calendar days of receiving them.

b.     Upon receiving any Claim Form within the Claim Submission Period, Class Counsel and Defendants' Counsel shall review the Claim Form to verify the information to determine the eligibility of the person submitting the Claim Form to receive a Settlement Payment, and to determine the net amount of the Settlement Payment to be made in accordance with the Agreement's terms.

c.     Within 7 calendar days of the Bar Date, the Claims Administrator shall provide Class Counsel and Defendants' Counsel with a report listing the identity and number of Settlement Class Members that filed claims, opt out notices or objections and the total amount of all Settlement Payments to be made to Claimants. After receiving the Claims Administrator's report, Class Counsel and Defendants' Counsel shall jointly review the same to determine if the calculation of payments to Claimants is consistent with this Agreement.

44.    <u>Opt-Out Procedure and Binding Nature of This Agreement</u>.

a.     A Settlement Class Member will not be bound by the Agreement's terms and conditions, will not have released any of the Released Claims against any of the Released Parties and will not be bound by the Court's Final Approval Order if the Settlement Class Member timely and properly opts-out of the Settlement Agreement. Any Settlement Class Member who fails to submit a timely, complete and valid request to opt out of the Settlement Agreement shall be barred from opting-out of this Agreement. The Claim Administrator shall not review or consider any opt-out request postmarked after the Bar Date (unless the 10-day cure period applies). It shall be conclusively presumed that, if an opt-out request is not postmarked on or before the Bar Date (unless the 10-day cure period applies), the Settlement Class Member did not make the request in a timely manner. A declaration submitted by any Settlement Class Member attesting to the mailing of an opt-out request on or before the expiration of the Claim Submission Period shall be insufficient to overcome the conclusive presumption that the Claim Form was not postmarked on or before the expiration of the Claim Submission Period.

-22-

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

b.      A Settlement Class Member will properly opt-out of the statement if he/she does all of the following: (i) submits a written request that states "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN HUZIANKOU ET AL. V. NY SWEET SPOT CAFÉ INC. D/B/A "SWEETSPOT CAFÉ" ET AL., 1:18-CV-5715 (RER)"; (ii) signs the opt-out request; and (iii) returns the opt-out request so that it is received or postmarked on or before the Bar Date.

c.      Plaintiffs may not opt-out of the Settlement Agreement.

d.      The Claims Administrator will provide a copy of all opt-out requests received within the Claim Submission Period to Class Counsel and Defendants' Counsel within 3 business days of receipt thereof.

e.      Upon receiving any opt-out request by the Bar Date, the Claims Administrator, Class Counsel and Defendants' Counsel shall review the request to verify the information contained therein, and to confirm the request complies with the requirements of this Agreement. The Claims Administrator shall review its records to determine whether the Settlement Class Member submitted a Claim Form. If a Settlement Class Member submits both a Claim Form and opt-out request, the Claim Form will be considered valid and the opt-out request invalid.

f.      Upon receiving a deficient or incomplete opt-out request, the Claims Administrator will promptly notify the Settlement Class Member of the defect and permit the Settlement Class Member to cure the defect within 10 calendar days or the Bar Date, whichever is later. Any opt out request that is cured after the 10 calendar day period or the Bar Date will not be considered effective.

45.      40% Opt-In Rate. If 40% or more of the Class Members timely opt in to the Settlement Agreement, Plaintiffs shall have the sole and absolute discretion to withdraw from

this Agreement within 15 calendar days after the Bar Date. Plaintiffs shall provide written notice of such withdrawal to Defendants' Counsel. If Plaintiffs elect to so withdraw, the withdrawal shall have the same effect as terminating this Settlement Agreement for failure to satisfy a condition of its terms, and the Settlement Agreement shall become null and void and have no further force or effect.

46.     <u>Objections To Settlement</u>. Any Settlement Class Member may object to the Settlement Agreement. Any such objection, including any supporting documents, must be filed with the Clerk of the Court and served on all counsel by the Bar Date. Otherwise, such objection shall conclusively be deemed waived, and the Settlement Class Member will be barred from asserting any objection. If the Court adjourns the Final Fairness Hearing after the Settlement Notices are mailed to the Class Members, Claims Administrator shall notify any Class Member who submits a timely objection of the new fairness hearing date. If the Court adjourns the Final Fairness Hearing after the Settlement Notices are mailed to the Class Members and no Class Member objects to the Settlement Agreement, Claims Administrator shall not notify any Class Member of the new fairness hearing date.

47.     <u>Distribution Of Settlement Payments</u>.

a.      The Settlement Payments shall be distributed in equal payments beginning 30 calendar days after the Final Effective Date and continue under the schedule set forth above in Paragraph 38.

b.      Aside from the Plaintiffs, the Claims Administrator shall distribute the Settlement Payments to the Authorized Claimants in the order the Authorized Claimants submit their timely and valid Claim Form. For this purpose, the post-mark of the envelope will determine the order in which the Claim Forms are received. If multiple Claim Forms are received

on the same date, the Authorized Claimants will be paid in descending order of their Settlement Payment amounts (i.e., those with the larger payments get paid first). The Claims Administrator shall distribute to the Plaintiffs their Settlement Payment before any other Authorized Claimants. If an Authorized Claimant's Settlement Payment exceeds the total amount being distributed in a particular month, the Claims Administrator shall distribute the balance of the Settlement Payment in the immediate subsequent payment period(s).

c.    Within 7 calendar days after the Final Effective Date, the Claims Administrator shall promptly provide written notice to Defendants and Class Counsel the number of Authorized Claimants, the total amount to be distributed each month to the Authorized Claimants and Class Counsel, the order in which the Authorized Claimants will be paid, and the amount each Authorized Claimant will receive per payment period. The Claims Administrator will distribute one check for each Authorized Claimant, by regular U.S. Mail postage prepaid within 15 calendar days after the Final Effective Date.

d.    Defendants shall remit to the Claims Administrator, which shall be held in escrow, each subsequent installment of the Claims Payment at least 30 calendar days before the payments are to be distributed to the Authorized Claimants according to the schedule set forth above in Paragraph 38. The Claims Administrator will then distribute one check for each Authorized Claimant, by regular U.S. Mail postage prepaid according to the schedule set forth above in Paragraph 38.

e.    The checks shall be valid for 180 calendar days. If an Authorized Claimant requests a check to be reissued within the 180-day period, the Claims Administrator will, upon confirming that the Authorized Claimant's check was not cashed, reissue that Authorized Claimant's check and remit it to Class Counsel. Reissued checks will be valid until

the later of (1) the end of the 180th calendar day period that the initial check was issued or (2) 180 calendar days after the date of the reissued check, whichever is later.

       f.      The Service Payments shall be distributed as follows: 30 calendar days after the Final Effective Date.

       g.      The attorneys' fees and costs shall be distributed in equal payments from each Claims Payment installment. The amounts shall reflect the amount of the Court awarded fees and costs relative to the GSS. Accordingly, if the Court awards $78,325.50 in fees and costs, which equals 33.33% of the GSS, the Claims Administrator shall distribute to Class Counsel 33.33% of each Claims Payment installment and shall continue to do so until Class Counsel is distributed the full amount of the Court awarded fees and costs. Upon final payment of Class Counsel's fees and costs, Defendants and the Released Parties shall have no further liability or responsibility to Class Counsel or to any vendors or third parties employed by Plaintiffs or Class Counsel, unless meaningful efforts are necessary to enforce the terms of this Agreement, including, by way of example and not by limitation, a motion to enforce the terms of this Agreement, and to have the Court enter the Consent Judgment. Payments to Class Counsel shall be made by wire.

      48.     <u>Preliminary Approval Of Settlement Agreement</u>. Upon executing this Agreement, Plaintiffs shall file a motion in the Action requesting that the Court enter the Preliminary Approval Order that contains the relief listed in Paragraph 23 (i.e., Paragraph defining the Preliminary Approval Order). Defendants shall not oppose Class Counsel's motion for preliminary approval of the Settlement Agreement so long as the motion and supporting papers are consistent with the terms of this Settlement Agreement.

49.     <u>Non-interference With Claims Procedure</u>. The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Settlement Class Members to submit requests for exclusion, objections to or to opt-in the Settlement Agreement or to appeal from the Final Approval Order. Furthermore, Defendants agree not to discuss the Settlement Agreement's terms and existence or the Action with the Settlement Class Members but are permitted to discuss day-to-day operations with any who are current employees. Defendants will provide a sworn statement at the end of the Claim Submission period confirming they complied with this term and will be jointly and severally responsible to the Plaintiffs for a $50,000 penalty if they do not comply with any part of this Paragraph.

50.     <u>Waiver of Appeal</u>. Subject to preliminary and final approval of this Settlement Agreement, each Party expressly waives its right to appeal, with the sole and limited exception that Plaintiffs reserve the right to appeal from an order awarding them a total amount of attorneys' fees under this Settlement Agreement that is less than the total amount sought by Plaintiffs under this Agreement. The issue raised on appeal will be limited and confined to the amount allocated to Class Counsel under Paragraph 36.

51.     <u>Entry Of Final Approval Order.</u> At the Final Settlement Hearing, Plaintiffs will request, and Defendants will concur in said request, that the Court enter the Final Approval Order which will be the final judgment on the Action, except for any appeals.

52.     <u>Automatic Voiding Of Agreement If Settlement Agreement Not Finalized</u>. If for any reason the terms under this Settlement Agreement do not become final, the Settlement Agreement shall be null and void; the orders, judgment, and dismissal to be entered under this Agreement shall be vacated; and the Parties will be returned to the status quo prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this

Agreement. In addition, in such event, the Agreement and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise.

53.   <u>No Injunctive Relief</u>. The Parties agree that the Settlement Agreement does not include injunctive relief.

54.   <u>Invalidation Of Agreement For Failure To Satisfy Conditions</u>. The terms and provisions of this Agreement are not recitals, but are deemed to constitute contractual terms. The Court may allocate less to Class Counsel and Plaintiffs than indicated in Paragraphs 27 and 36 without impacting the Agreement's validity and enforceability. Except for Paragraphs 27 and 36, if any of the terms or conditions set forth in Paragraphs 1 through 53 of this Agreement are not fully and completely approved by the Court and satisfied, this Agreement shall terminate at the option of either Party, or both, and all terms of the Agreement, including any payments by Defendants, shall be null and void. Without limiting the generality of the foregoing, if this Agreement is terminated for failure to satisfy any of the terms or conditions of Paragraphs 1 through 53 of this Agreement:

a.   Defendants shall not be obligated to create or maintain any type of settlement fund, and shall not be obligated to make any Claims Payment to any Settlement Class Member, to any Authorized Claimant, to Class Counsel, or to the Plaintiffs. Any monies already paid to the Claims Administrator will be returned to Defendants.

b.   This Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of the Plaintiffs, Settlement Class Members and Defendants, each of whom shall be restored to their respective positions existing prior to the

execution of this Agreement, and evidence relating to the Agreement and all negotiations shall not be discoverable or admissible in the Action or any other litigation.

c.      Defendants will not have waived, and instead expressly reserve, their right to challenge the continuing propriety of class certification for any purpose.

d.      To the extent one exists, the Preliminary Approval Order shall be vacated in its entirety and neither this Agreement, the Preliminary Approval Order, nor any other document in any way relating to any of the foregoing, shall be relied upon, referred to or used in any way for any purpose in connection with any further proceedings in this Action or in any related action, including class certification proceedings.

55.      <u>Notices</u>. All notices, requests, demands and other communications required or permitted to be given under this Agreement shall be in writing, and shall be delivered personally or by email to the attorneys listed in the caption above and to the Claims Administrator.

56.      <u>Modification In Writing</u>. This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all signatories to this Agreement. This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

57.      <u>Ongoing Cooperation</u>. Plaintiffs and Defendants and each of their respective counsel shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement. The executing of documents must take place prior to the Final Settlement Hearing.

58.      <u>Binding on Successors</u>. This Agreement shall be binding and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives.

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-019839FA5EZE

59. <u>Entire Agreement</u>. This Agreement constitutes the full, complete and entire understanding, agreement and arrangement between Plaintiffs and the Settlement Class Members on the one hand and Defendants on the other hand with respect to the settlement of the Action and the Released Claims against the Released Parties. This Agreement supersedes any and all prior oral or written understandings, agreements and arrangements between the Parties with respect to the settlement of the Action and the Released Claims against the Released Parties. Except those set forth expressly in this Agreement, there are no other agreements, covenants, promises, representations or arrangements between the Parties with respect to the settlement of the Action and the Released Claims against the Released Parties.

60. <u>Counterparts and Electronically Transmitted Signatures</u>. This Agreement may be signed in one or more counterparts. All executed copies of this Agreement transmitted by email or facsimile shall have the same force and effect and shall be as legally binding and enforceable as the original. Any party may sign the Agreement using DocuSign or a comparable program.

61. <u>Captions</u>. The captions and Paragraph numbers in this Agreement are inserted for the reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the provisions of this Agreement.

62. <u>Governing Law</u>. This Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the State of New York, without regard to conflict of law rules.

63. <u>Reservation Of Jurisdiction</u>. Notwithstanding the dismissal of this Action and entry and filing of the Final Approval Order, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

64.    <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, this Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

65.    <u>Warranties And Representations</u>. With respect to themselves, each of the Parties to this Agreement and/or their agents or counsel represent, covenant and warrant that: (a) they have full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery and performance of this Agreement, and (b) the person executing this Agreement has the full right, power and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

66.    <u>Representation By Counsel</u>. The Parties acknowledge they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, Plaintiffs and Class Counsel warrant and represent that there are no liens on the Agreement, and that after entry by the Final Approval Order, Defendants may distribute funds to Authorized Claimants, Class Counsel, and Plaintiffs as provided by this Agreement.

67.    <u>Authorization By Plaintiffs</u>. Plaintiffs authorize Class Counsel to sign this Agreement as to its Form. Plaintiffs further agree not to request to be excluded from the

Settlement Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

IT IS SO AGREED:

Dated:  June __, 2020

_____
DZIANIS HUZIANKOU
Plaintiff/Class Representative

Dated:  June__, 2020

_____
TIMUR KIM
Plaintiff/Class Representative

     6/11/2020
Dated:  June__, 2020

_____
AYATOLLA KUANYSH
Plaintiff/Class Representative

Dated:  June__, 2020

_____
MAKSIM TALKACHOU
Plaintiff/Class Representative

Dated:  June __, 2020

_____
Name:_____
Title:_____
(On Behalf of) NY SWEET SPOT CAFE INC.
D/B/A "SWEETSPOT CAFE"

Dated:  June __, 2020

_____
OLGA PERRY
Defendant (Individually)

Settlement Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

IT IS SO AGREED:

Dated:  June __, 2020

_____
DZIANIS HUZIANKOU
Plaintiff/Class Representative


       6/11/2020

Dated:  June__, 2020

_____
TIMUR KIM
Plaintiff/Class Representative


Dated:  June__, 2020

_____
AYATOLLA KUANYSH
Plaintiff/Class Representative


Dated:  June__, 2020

_____
MAKSIM TALKACHOU
Plaintiff/Class Representative


Dated: June __, 2020

_____
Name:_____
Title:_____
(On Behalf of) NY SWEET SPOT CAFE INC.
D/B/A "SWEETSPOT CAFE"


Dated: June __, 2020

_____
OLGA PERRY
Defendant (Individually)

-32-

Settlement Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

IT IS SO AGREED:

Dated:  June __, 2020

_____
DZIANIS HUZIANKOU
Plaintiff/Class Representative

Dated:  June___, 2020

_____
TIMUR KIM
Plaintiff/Class Representative

Dated:  June___, 2020

_____
AYATOLLA KUANYSH
Plaintiff/Class Representative

6/11/2020
Dated:  June___, 2020

_____
MAKSIM FALKACHOU
Plaintiff/Class Representative

Dated:  June __, 2020

_____
Name:_____

Title:_____

(On Behalf of) NY SWEET SPOT CAFE INC.
D/B/A "SWEETSPOT CAFE"

Dated:  June __, 2020

_____
OLGA PERRY
Defendant (Individually)

Settlement Class and not to object to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

IT IS SO AGREED:

Dated:  June ___, 2020

_____
DZIANIS HUZIANKOU
Plaintiff/Class Representative

Dated:  June___, 2020

_____
TIMUR KIM
Plaintiff/Class Representative

Dated:  June___, 2020

_____
AYATOLLA KUANYSH
Plaintiff/Class Representative

Dated:  June___, 2020

_____
MAKSIM TALKACHOU
Plaintiff/Class Representative

Dated: June10 ___, 2020

_____
Name:_____Olga Perry_____
Title:_____Owner_____
(On Behalf of) NY SWEET SPOT CAFE INC.
D/B/A "SWEETSPOT CAFE"

Dated: June10 ___, 2020

_____
OLGA PERRY
Defendant (Individually)

-32-

Dated: June 10___, 2020

IGOR SONIN
Defendant (Individually)

APPROVED AS TO FORM:

Dated: June 10___, 2020

/s/ *Irene Sinayskaya*

IRENE SINAYSKAYA
SINAYSKAYA YUNIVER, P.C.

*Attorneys for Defendants*

Dated: June 11, 2020

DOUGLAS B. LIPSKY
LIPSKY LOWE LLP

*Attorneys for Plaintiffs And On Behalf All Others
Similarly Situated*

-33-

EXHIBIT A

| | Name | Start Date | End Date | Position |
|---|---|---|---|---|
| 1 | Aleksandr Shuliak | 07/14/2016 | 1/5/2017 | Waiter |
| 2 | Andrew Polyakov | 11/02/2016 | 1/5/2017 | Waiter |
| 3 | Kolya | 09/01/2017 | 9/1/2018 | Waiter |
| 4 | Dmitry | 06/05/2017 | 6/25/2017 | Waiter |
| 5 | Giorgi Beridze | 01/05/2017 | 7/10/2017 | Waiter |
| 6 | Andrew Lee | 01/08/2017 | 4/26/2018 | Waiter |
| 7 | Aziz | 05/01/2017 | 2/27/2018 | Waiter |
| 8 | Jenya | 06/09/2017 | 8/17/2017 | Waiter |
| 9 | Ayatolla Kuanysh | 07/04/2017 | 07/28/2018 | Waiter |
| 10 | Dzianis Huziankou | 06/15/2017 | 09/30/2018 | Waiter |
| 11 | Timur Kim | 08/24/2017 | 08/15/2018 | Waiter |
| 12 | Maksim Tolkachou | 01/05/2017 | 03/05/2018 | Waiter |

| | | | | |
|---|---|---|---|---|
| 13 | Philip Nesterov | | 05/01/2018 | 12/28/2018 | Waiter |
| 14 | Iuri Guk | | 07/29/2018 | 12/31/2018 | Waiter |
| 15 | Roland Shamoev | | 07/30/2018 | 12/31/2018 | Waiter |
| 16 | Mykila Cherozub | | 08/17/2018 | 12/31/2018 | Waiter |
| 17 | Sergo | | 09/02/2018 | 12/09/2018 | Waiter |
| 18 | Bohdan Overchuk | | 10/31/2018 | 12/31/2018 | Waiter |
| 19 | Masksat Orazlyev | | 12/16/2018 | 12/31/2018 | Waiter |
| 20 | Alex Romanov | | 02/01/2016 | 01/05/2017 | Waiter |
| 21 | Anton | | 02/01/2016 | 01/05/2017 | Waiter |
| 22 | Sergey | | 02/01/2016 | 01/05/2017 | Waiter |
| 23 | Roman Putrov | | 02/01/2016 | 12/26/2016 | Waiter |

# EXHIBIT B

## INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM

*Huziankou et al. V. NY Sweet Spot Café Inc. d/b/a "Sweetspot Café" et al*, No. 1:1:18-CV-5715 (RER)

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE,  SIGN AND RETURN THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [BAR DATE], 2020**

| <u>CORRECTIONS OR ADDITIONAL INFORMATION</u> |
| --- |
| Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please provide your name and address here: |

| **Telephone Number:** |
| --- |

The records of NY Sweet Spot Café Inc. d/b/a "Sweetspot Café*"* ("Sweet Spot Cafe") indicate that Sweet Spot Cafe employed you in an hourly position, as a waiter, waitress, server or busser at any time from June 12, 2015 to December 31, 2018, and that you worked during this period for a total of _____weeks. Based on these records, your estimated claim at this point is roughly a minimum of $_____less applicable taxes. If you wish to dispute these figures, please contact Douglas B. Lipsky at 212.392.4772. Only written evidence/documentation will be considered in such a dispute and must be submitted by [BAR DATE].

Provided that you timely submit this Claim Form, your award shall be determined based upon the duration of your employment at Sweet Spot Cafe, as further described in the Notice of Proposed Settlement of Class Action Lawsuit that accompanies this Claim Form. And your award might be greater than the amount listed above if Reversion Payments are issued to the Settlement Class Members. The amount of your award may be subject to tax withholdings.

By signing this, you are (1) opting-into this case under the Fair Labor Standards Act, (2) acknowledging that the weeks worked as set forth above are true and correct to the best of your knowledge and belief, and (3) releasing certain claims you have against the Defendants in connection with them employing you as a waiter, server or busser at any time between June 12, 2015 to December 31, 2018. Specifically, you will be releasing them of all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, attorneys' fees, expenses, matters and issues that (1) concern Defendants' alleged failure to pay the minimum wage and failure to pay overtime premium pay under both the FLSA and the

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-01B839FA5EZE

NYLL, failure to pay for all hours worked, failure to pay spread-of-hours pay, unlawfully retaining gratuities, making unlawful deductions, failure to reimburse uniform costs and the associated cost of laundering and maintaining the uniforms, failure to pay to provide the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, and failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and (2) could have been asserted under the New York Labor Law or any other New York statute, under the FLSA or any other federal statute and common law concerning any acts or omissions, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, occurring between June 12, 2015 to December 31, 2018. The "Released Claims" includes all types of relief available for the above-referenced theories of relief, including any unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

By signing this, you are also consenting to receive text messages on any updates on this settlement.

You sign this document and affirm the weeks worked as set forth above as true upon personal knowledge and under penalty of perjury, pursuant to 29 U.S.C. § 1746, state and declare that the above statements and affirmations by you are true and correct:

Date: _____                                    _____
                                                           (Sign your name here)

# EXHIBIT C

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DZIANIS HUZIANKOU, TIMUR KIM, AND AYATOLLA KUANYSH, individually and on behalf of all other persons similarly situated, | ECF CASE |
| | No.: 1:18-cv-5715 (RER) |
| Plaintiffs, | |
| v. | |
| NY SWEET SPOT CAFE INC. d/b/a "Sweetspot Cafe," OLGA PERRY and IGOR SONIN, jointly and severally, | |
| Defendants. | |

CONSENT JUDGMENT

WHEREAS, Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh, Individually and on Behalf of All Other Persons Similarly Situated, filed the putative Class and Collective Action Complaint on October 12, 2018 against Defendants Sweet Spot Cafe Inc. d/b/a "Sweetspot Café," Olga Perry and Igor Sonin ("Defendants") (the "Complaint"), which seeks damages against Defendants under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 207 *et seq.* ("FLSA"), and the New York Labor Law ("Labor Law") as a result of Defendants' failure to pay the putative class and collective action members minimum wage, overtime for all work performed in excess of 40 hours in a workweek at the applicable overtime rate, spread-of-hours premium for days when they worked more than ten hours a day, unlawfully retained gratuities and tips, failure to pay them for uniform expenses, illegal deductions from their wages, and for recordkeeping violations.

WHEREAS, the Parties agreed to resolve this matter on a class-wide basis after extensive settlement negotiations and discovery and entered into a Settlement Agreement on June __, 2020 (the "Agreement");

-1-

WHEREAS, this matter was certified as a class action under Fed. R. Civ. P. 23(a) and (b) and Douglas B. Lipsky of Lipsky Lowe LLP is appointed class counsel under Fed. R. Civ. P. 23(g);

WHEREAS, the Parties agreed to a structured settlement payment giving Defendants 12 months, to fulfill their payment obligations under the Agreement and Defendants enter into this Consent Judgment to provide relief to the Plaintiff and Class Members for breaching the terms of the Agreement;

WHEREAS, Defendants have failed after written notice to comply with the terms of the Agreement and are in "Default," as defined in the Agreement;

WHEREAS, Defendants have consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the Parties;

WHEREAS, the intent of Plaintiff in effecting this settlement is to remediate harms resulted from Defendants' unlawful conduct, as alleged in the Complaint, and Defendants' breach of the Agreement;

WHEREAS Defendants denied any wrongdoing in their Answer;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon Defendants' consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

## I.   JURISDICTION

1.      This Court has jurisdiction over this subject matter of this action under 28 U.S.C. §§. 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff and the Class Members' state law claims under 28 U.S.C. §§. 1332 and 1367. The Complaint states a claim upon which

relief may be granted against Defendants.

## II.    FINANCIAL TERMS

2.      Defendants and their affiliated entities shall pay to Plaintiff, Class Members and Class Counsel the total sum of $_____, which is $285,000.00 less any and all payments already made by Defendants to Plaintiff, the Class Members or their counsel pursuant to the Agreement, which shall be distributed in a *pro rata* manner under the formula and for the purposes specified in Paragraphs 36 and 37 of the Agreement. Defendants shall make payment no later than 7 calendar days after the Effective Date of this Consent Judgment.

3.      Defendants shall be jointly and severally liable to pay the payment set forth in Paragraph 2.

4.      Defendants Olga Perry and Igor Sonin shall be individually liable to pay the payment set forth in Paragraph 2.

5.      Subject to the Court's approval, Defendants shall pay Plaintiff and the Class Members' counsel their reasonable attorneys' fees and reimbursable expenses in connection with enforcing this Consent Judgment and the Agreement.

## III.    OTHER TERMS

6.      This Court retains jurisdiction for the duration of this Consent Judgment to enforce its terms. The Parties may jointly seek to modify the terms of this Consent Judgment, subject to the approval of this Court. This Consent Judgment may be modified only by order of this Court.

7.      The Effective Date of this Consent Judgment shall be the date on which the Consent Judgment has been entered by the Court.

8.      This Consent Judgment shall remain in full force and effect until Defendants

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DZIANIS HUZIANKOU, TIMUR KIM, AND AYATOLLA KUANYSH, individually and on behalf of all other persons similarly situated,<br><br>                             Plaintiffs,<br><br>     v.<br><br>NY SWEET SPOT CAFE INC. d/b/a "Sweetspot Cafe," OLGA PERRY and IGOR SONIN, jointly and severally,<br><br>                            Defendants. | ECF CASE<br><br><br>No.: 1:18-cv-5715 (RER) |

---

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF THE CLASSWIDE SETTLEMENT AGREEMENT AND RELEASE, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT, AND SCHEDULING OF A FINAL FAIRNESS HEARING**

---

WHEREAS, the putative class and collective action, *Dzianis Huziankou, Timur Kim, and Ayatolla Kuanysh*, Civil Action Number 1:18-cv-5715 (RER) ("Action"), is currently pending before this Court;

WHEREAS, the parties have made an application under Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) for an order approving a settlement of the claims alleged in the Action, in accordance with a Classwide Settlement Agreement and Release dated June 11, 2020 (the "Agreement"), which sets forth the terms and conditions for the proposed settlement of the Action against Defendants NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Café," Olga Perry and Igor Sonin ("Defendants") and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement annexed thereto; and

WHEREAS, for purposes of this Order, the Court adopts and incorporates the definitions set forth in the June 11, 2020 Settlement Agreement and Release ("Agreement") including:

Settlement Class or Settlement Class Members: The individuals identified on the April 4, 2019 collective action list that Defendants prepared and provided, which lists all individuals whom Defendants have employed or are employing who hold or held the title of "waiter," "waitress," "server" or "busser" at any time from June 12, 2015 to December 31, 2018. Agreement ¶ 28.a-b.

Authorized Claimant:
Any Settlement Class Member who timely files a fully completed Claim Form on or before 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members (i.e., Bar Date), and who are entitled to receive a Final Settlement Payment Under this Agreement. Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 3.

Bar Date:  The date that is 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members. Agreement ¶ 4.

Settlement Notice: The notice substantially in the form of Exhibit E to the Agreement to be directed to Settlement Class Members and to explain the Settlement Agreement and Settlement Class Members' options, which shall be sent to the class following entry of the Preliminary Approval Order. Agreement ¶ 30; Exhibit E.

Claim Submission Period: The period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date. The Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 6.

Claims Administrator:  The claims administration firm agreed upon by the Parties, who will perform all of the administrative duties. The Parties designate Analytics Consulting LLC as the Claims Administrator. Agreement ¶ 7.

Released Parties:  Defendants and all of their affiliated entities, and their past, present, and future parent companies, affiliates, predecessors, successors, partners, owners, joint ventures, affiliated organizations, insurers, reinsurers and assigns. Agreement ¶ 25.

<u>Final Effective Date</u>: The date when the Court enters the Final Approval Order. The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise in the Agreement. Agreement ¶ 15.

<u>Released Claims</u>:

(a) Plaintiffs' Released Claims. Plaintiffs' Released Claims include the Settlement Class Members' Released Claims as defined in section 24(b) of this Agreement, as well as all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues arising in any way from Plaintiffs Dzianis Huziankou's, Timur Kim's, Ayatolla Kuanysh's, and opt-in Plaintiff Maksim Talkachou's employment by Defendants and the Released Parties at any time between June 12, 2015 and December 31, 2018. This includes all claims that Plaintiffs have had, now have or may have in the future, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding, against all Defendants and all Released Parties, both individually and as entities. Agreement ¶ 24.a.

(b) Settlement Class Members' Released Claims. In connection with the Released Parties employing the Settlement Class Members as waiters, waitresses, servers, or bussers at any time between June 12, 2015 and December 31, 2018, the Settlement Class Members will be releasing the Released Parties of all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, attorneys' fees, expenses, matters and issues that (1) concern the Released Parties' alleged failure to pay the minimum wage and failure to pay overtime premium pay under both the FLSA and the NYLL, failure to pay for all hours worked, failure to pay spread-of-hours pay, unlawfully retaining gratuities, making unlawful deductions, failure to reimburse uniform costs and the associated cost of laundering and maintaining the uniforms, failure to pay to provide the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, and failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and (2) could have been asserted under the New York Labor Law or any other New York statute, under the FLSA or any other federal statute and common law concerning any acts or omissions, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, occurring between June 12, 2015 to December 31, 2018. Further, the Released Claims includes all types of relief available for the above-referenced theories of relief, including but not limited to, any unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution,

losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. The Final Approval Order shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Released Claims in the future. The Final Approval Order shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Released Claims in the future. Agreement ¶ 24.b.

<u>Final Fairness Hearing:</u>  The hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as this Agreement contemplates. The date of the Final Fairness Hearing shall be set by the Court and notice of such hearing shall be provided to Settlement Class Members and in the Settlement Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members, other than those who are Objectors. To allow for all the events set forth in this Agreement to occur, the Parties shall request that the Court schedule the Final Fairness Hearing for at least 90 days after entering the Preliminary Approval Order. Agreement ¶ 16.

IT IS ON THIS ___ DAY OF _____ 2020, HEREBY ORDERED AS FOLLOWS:

1.    The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interest of Plaintiffs and the Class Members.

2.    The Court hereby preliminarily certifies the Class under Fed R. Civ. P. 23(a) and (b)(3), for settlement purposes only, as described in the Agreement, subject to the entry of the Final Order and Judgment as provided in the Agreement. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission on the part of Defendants that this Action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to Defendants' rights to oppose certification of a class in this Action, and to seek decertification or modification of a class should the proposed Agreement not become final. If, for whatever reason, the Agreement does not become final, the Parties' stipulation to collective action and class certification as part

-4-

of the Agreement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

3.      Based on the parties' submissions, the Court hereby appoints Douglas B. Lipsky of Lipsky Lowe LLP as Class Counsel under Fed. R. Civ. P. 23(g) as he will fairly and adequately represent the interests of the Class Members.

4.      The Final Fairness Hearing shall be held no earlier than ninety (90) calendar days from the date of this Order. The Hearing shall be scheduled before this Court, on _____, 20___, at _____ at the United States District Court for the Eastern District of New York, U.S. Courthouse, 225 Cadman Plaza East, Courtroom N208 - North, Brooklyn, New York 11201, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement are fair, just, reasonable, adequate and in the best interest of the Class Members, and should be approved by the Court; and whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered.

5.      The Court approves, as to form and content, the Notice of Settlement and Claim Form, attached to the Agreement, and finds the mailing and distribution of the Notice of Settlement and Claim Form to constitute the best notice practicable under the circumstances, meet the requirements of due process and constitute valid, due and sufficient notice to all persons in the Settlement Class, complying fully with the requirement of Fed. R. Civ. P. 23, the Fair Labor Standards Act, the Constitution of the United States and any other applicable laws, as appropriate.

6.      The Claims Administrator, Analytics Consulting LLC, is hereby authorized to administer the notice procedure as set forth in the Agreement.

7.      Class Members are entitled to object to the (i) approval of the terms and conditions of the Agreement, (ii) the judgment to be entered thereon if the same is approved, or (iii) the attorneys' fees and expenses to be awarded to Class Counsel. Any such objection, including any supporting documents, must be filed with the Clerk of the Court and served on all counsel by the Bar Date. Otherwise, such objection shall conclusively be deemed waived, and the Settlement Class Member will be barred from asserting any objection. Only Class Members who have served and filed objections as set forth in this Order may appear and be heard at the Final Fairness Hearing and show cause to the Court, if he or she has any reason why the proposed settlement of the claims alleged in the Action should or should not be approved as fair, just, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested attorneys' fees, costs and expenses, should or should not be awarded as requested.

8.      Any Class Member who does not make his or her objection in the manner as provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement, and the award of attorneys' fees, costs and expenses to Class Counsel, and awarding the service payments to the Named Plaintiffs and opt-in Plaintiff, unless otherwise ordered by the Court.

9.      All additional papers in support of the Agreement receiving final approval, for the approval of the Named Plaintiffs' and opt-in Plaintiff service payments and for Class Counsel's attorneys' fees and expenses application shall be filed and served with the Court by:

_____.

10.     The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Claims Administrator shall send notice of any such adjournment to any Class Member who has timely filed an objection to the settlement, consistent with the terms of the Agreement. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

SO ORDERED:

Dated: Brooklyn, New York
            _____, 2020


                                   _____
                                   The Honorable Ramon E. Reyes, Jr. U.S.M.J.

# EXHIBIT E

DocuSign Envelope ID: AC118EE6-2D8C-4A32-BF35-018839F5A5EZE

## THIS NOTICE IS APPROVED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

## IMPORTANT NOTICE ON A PROPOSED CLASS ACTION LAWSUIT SETTLEMENT AND FINAL FAIRNESS HEARING

**TO: ALL INDIVIDUALS WHOM NY SWEET SPOT CAFE INC. D/B/A "SWEETSPOT CAFE" AND OLGA PERRY AND IGOR SONIN HAVE EMPLOYED OR ARE EMPLOYING WHO HOLD OR HELD THE TITLE OF "WAITER," "WAITRESS," "SERVER," OR "BUSSER" AT ANY TIME FROM JUNE 12, 2015 TO DECEMBER 31, 2018.**

Based on information in the records of NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Cafe" ("Sweet Spot Cafe"), you were employed as a waiter, waitress, server or busser at any time from June 12, 2015 to December 31, 2018 (the "Covered Period") and are eligible to participate in the proposed settlement of the case captioned *Dzianis Huziankou, Timur Kim, and Ayatolla Kuanysh, individually and on behalf of all other persons similarly situated v. NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Cafe," Olga Perry and Igor Sonin, jointly and severally*, Case No. 1:1:18-CV-5715 (RER) (U.S. District Court Eastern District of New York) (the "Action").

**PLEASE READ THIS NOTICE CAREFULLY.** It contains important information about your rights concerning the settlement of the Lawsuit. If the Court approves the settlement, you will be bound by its terms unless you affirmatively opt out of the settlement.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SET\TLEMENT | |
|---|---|
| FILE A CLAIM | If you sign and mail the enclosed Claim Form to the Claims Administrator by [date to be inserted] and the Court approves the Settlement, you will receive at least [$____], less payroll withholdings.  By accepting your share of the Settlement, and completing and returning the attached Claim Form, you waive certain claims against Defendants as described in more detail in the Claim Form and below. |
| DO NOTHING | If you do nothing, you will NOT receive your share of the Settlement with Defendants, and, if the Court approves the Settlement, you will be barred from bringing certain claims against Defendants as described below. |
| OBJECT | You may object to the terms of the Settlement with Defendants by mailing a written objection to the Court and Class Counsel by [date to be inserted]. |
| EXCLUDE YOURSELF | You may send a letter asking to be excluded from this Settlement. If you choose to exclude yourself from the Settlement, you will not receive your share of the Settlement with Defendants and you will not waive any claims against Defendants. |

## DETAILED DESCRIPTION OF THE SETTLEMENT AND YOUR LEGAL RIGHTS

**1.     WHAT IS THE PURPOSE OF THIS NOTICE?**

A Classwide Settlement Agreement has been reached between former employees of the Sweet Spot Café and Sweet Spot Cafe and Defendants Olga Perry and Igor Sonin. The Court has ordered that this Notice be sent to you because you worked for Sweet Spot Cafe as a waiter, waitress, server or busser at any time from June 12, 2015 to December 31, 2018 and this Settlement Agreement affects your rights. A claim form is enclosed for you to execute and return to the Claims Administrator (as discussed below in Paragraph 6) in order to recover your settlement amount. We have provided you a pre-paid envelope for this purpose. **If you do not return the claim form on or before the deadline, you will __not__ receive your share of the settlement.**

**2.     WHAT IS THIS CASE ABOUT?**

Former employees (the "Plaintiffs") filed the Action pursuant to the New York Labor Law ("Labor Law") and the federal Fair Labor Standards Act ("FLSA") alleging that Sweet Spot Cafe and Defendants Olga Perry and Igor Sonin failed to pay their employees minimum wage, overtime pay whenever they worked more than forty hours in a week, spread-of-hours premium when they worked more than ten hours a day, unlawfully retained their gratuities and tips, failed to pay them for uniform expenses, made illegal deductions from their wages, and failed to provide their employees with legally required notices.

Sweet Spot Cafe and Defendants Olga Perry and Igor Sonin deny these allegations and maintain that they properly paid all waiters, waitresses, servers and bussers minimum wage, overtime pay, spread-of-hours premiums, did not unlawfully retain their gratuities and tips, did not fail to pay them for uniform expenses, and did not make illegal deductions, and complied with all recordkeeping requirements.

The Court did not decide which side was right. Both sides agreed to the settlement to resolve the case, and avoid further disputes, inconvenience, and expense. The Settlement is not to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Sweet Spot Cafe.

The attorneys for the Class ("Class Counsel") in this Action are:

Douglas Lipsky
Milana Dostanitch (fluent in Russian)
LIPSKY LOWE LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Phone:  212.392.4772
Email:  doug@lipskylowe.com
        milana@lipskylowe.com

**3.** **WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT? HOW WILL MY SHARE OF THE SETTLEMENT BE CALCULATED?**

If the Court gives the Settlement final approval, Sweet Spot Cafe will pay a maximum of $235,000.00 in total settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $235,000.00 prior to distribution of the settlement funds to Class Members who submit timely and valid Claim Forms ("Authorized Claimants"):

- Attorneys' Fees and Costs:  Class Counsel will apply to the Court for recovery of costs not to exceed $1,000.00 and attorneys' fees of $78,325.50 (1/3 of the Settlement) from the Settlement Fund. This amount will be requested pursuant to the Plaintiffs' professional services agreement.

- Service Payments: If the Court approves such payments, $10,000.00 will be paid to each Plaintiff Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh, and Maksim Talkachou. These payments are being made in recognition of the many hours of services they contributed on behalf of the Settlement Class, which includes several meetings and teleconferences with Class Counsel, drafting and reviewing Court filings, attending Court conferences, and attending a mediation session with a Court appointed mediator. These payments are also in recognition of the risk they took in being retaliated against for representing the Settlement Class.

**4.** **HOW WILL MY SHARE OF THE SETTLEMENT BE CALCULATED AND PAID OUT?**

If the Court approves the payments listed above in Paragraph 3, then after these payments are deducted for, among other things, attorneys' fees and costs, the remaining Settlement Fund (the "Net Settlement Sum" or "NSS") will be distributed based on two calculations.

<u>Individual Settlement Payment.</u> This calculation reflects how many weeks you worked for Sweet Spot Cafe and is based on the following formula: the total number of weeks you worked will be divided by the total number of weeks worked by all of the Settlement Class members during the relevant time period; this percentage will then be multiplied by the Net Settlement Sum. This amount is called your "Individual Settlement Payment."  This is the amount listed on your Claim Form.

The following example illustrates this formula. For this example: the Authorized Claimant worked 100 weeks; the Settlement Class Members Worked 2,000 weeks; the NSS equals $275,000.00.

Step one:   100 (Authorized Claimant's weeks worked) / 2,000 (Settlement Class Members' total weeks worked) = 5% (Authorized Claimant's Percentage of the NSS).

Step two:  5% (Authorized Claimant's Percentage of the NSS) x $275,000.00 (NSS) = $13,750.00 (Individual Settlement Payment).

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-01B839F A5EZE

Reversion Payment. This calculation is based on how much of the Net Settlement Sum is left over based on Settlement Class Members not filing timely or valid claim forms or opting out of the settlement. This amount is called the "Reversion." 100% of the Reversion will be allocated to the Authorized Claimants, with 0% reverting back to Sweet Spot Cafe.

A part of the Reversion will be allocated to you (if you are an Authorized Claimant) based on the following formula: your Individual Settlement Payment is divided by the total Individual Settlements for every Authorized Claimant; this percentage is then multiplied by the Reversion sum to calculate your share of the Reversion. This is called the "Reversion Payment." Because the Reversion Payment is based on who submits a valid Claim Form, Class Counsel will not know how much your Reversion Payment is until after the Claim Submission Period deadline (explained below in Paragraph 6). Also, if every Settlement Class Member submits a timely and valid Claim Form, nobody will receive a Reversion Payment. Accordingly, the total amount you will receive will be greater than the Individual Settlement Payment listed on the Claim Form only if there are Reversion Payments.

If you are an Authorized Claimant, the total amount you will receive under this Settlement is your Individual Settlement Payment plus your Reversion Payment (if any).

The following example illustrates this formula. For this example: the Authorized Claimant's Individual Settlement Payment is $13,750.00; total Individual Settlement Payments for every Authorized Claimant is $200,000.00; Reversion is $75,000.00; 100% of the Reversion equals $75,000.00, which is allocated amongst the Authorized Claimants; with 0% reverting to Defendants.

Step one:  $13,750.00 (Individual Settlement Payment) / $200,000.00 (Total Individual Settlement Payments for Every Authorized Claimant) = 6.875% (Authorized Claimant's Percentage of Total Settlement Payments).

Step two:  6.875% (Authorized Claimant's Percentage of Total Settlement Payments) x $75,000.00 (Reversion to Be Allocated to Authorized Claimants) = $5,156/25 (Reversion Payment).

Taxes.  If you are an Authorized Claimant, then (1) 50% of the payment made to you from the Settlement Fund shall be (a) deemed taxable, wage income paid under an IRS Form W-2, and (b) subject to ordinary payroll withholdings; and (2) 50% of the payments made to you from the Settlement Fund shall be attributed to alleged liquidated damages and reported on an IRS Form 1099.  You will ultimately receive one check that reflects all of these calculations. You will be solely responsible for any taxes due on your Individual Settlement Payment.

180 Days to Deposit Your Check. Your check will be valid for 180 days, beginning on the date it is mailed to you. If you fail to timely deposit or cash your check during that 180-day period, your Individual Settlement Payment will be proportionately allocated to the Authorized Claimants who did timely deposit or cash their checks. You will not be issued a new check if you fail to timey deposit or cash your check, but you may be issued a new check if you request it during the 180 days it is valid.

**5. WHEN WILL I GET PAID? WHO CAN I ASK TO FIND OUT WHEN I GET PAID?**

Before any money gets paid, the Court has to grant final approval of the Settlement. The Court typically grants final approval after the Final Fairness Hearing, which is described below in Paragraph 10. Once the Court grants final approval, the payments will be made over 12 months. The first payment will be made 30 days after the Court grants final approval of the Settlement, with the remaining 11 payments to be every 30 days thereafter.

You and all other Authorized Claimants will be paid in the order your valid Claim Form is received. If your settlement payment is greater than the total amount being paid during one installment payment, the remaining amount will be paid in the next installment(s).

You can find out when you are scheduled to get paid by contacting the Claims Administrator, whose information is listed below in Paragraph 6, or by visiting this website:

https://lipskylowe.com/cases/huziankou-v-ny-sweet-spot/

**6. HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?**

In order to collect your share of the settlement, you must completely fill out and submit a claim form. Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [INSERT BAR DATE], 2020, to:

> Analytics Consulting LLC,
> Class Action Settlement Administration
> [ INSERT ADDRESS 1]
> [ INSERT ADDRESS 2].

By filling out this claim form, you will also be joining this case under the FLSA (this sometimes referred to as "opting-in").

**7. WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

When the Court enters the Court's Final Approval Order and in connection with Defendants NY Sweet Spot Café, Inc. d/b/a Sweetspot Café, Olga Perry and Igor Sonin employing you as a waiter, server or busser at any time between June 12, 2015 to December 31, 2018, you will be releasing them of all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, attorneys' fees, expenses, matters and issues that (1) concern Defendants' alleged failure to pay the minimum wage, failure to pay overtime premium pay under both FLSA and NYLL, failure to pay for all hours worked, failure to pay spread-of-hours pay, unlawfully retaining gratuities, making unlawful deductions, failure to reimburse uniform costs and the associated cost of laundering and maintaining the uniforms, failure to pay to provide the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, and failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and (2) could have been asserted under the New York Labor Law or any other New York statute, under the FLSA or any other federal statute and common law concerning any acts or omissions, whether known or unknown, contingent or absolute,

-5-

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BE35-010839EA5EZE

suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, occurring between June 12, 2015 to December 31, 2018. The "Released Claims" includes all types of relief available for the above-referenced theories of relief, including any unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

**8.     HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?**

If you do not want to participate in the settlement, you have the option of "opting-out" of the Settlement Agreement. To opt-out of the Settlement Agreement you must do so by [INSERT BAR DATE]. If you do not opt-out, you will be bound by the terms of the Settlement Agreement. To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN <u>HUZIANKOU ET AL. V. NY SWEET SPOT CAFÉ INC. D/B/A "SWEETSPOT CAFÉ" ET AL.</u>, 1:18-CV-5715 (RER)" postmarked no later than [INSERT BAR DATE]. You must include your name and address in the letter. If you choose to opt-out, send your letter to:

[INSERT CLAIMS ADMINISTRATOR INFORMATION
X
X
X
X
X _____ ]

**9.     WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?**

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Paragraph 10 below, you must first do so in writing. Written objections must be mailed to the Court and copies of your objection must be mailed to Class Counsel and Sweet Spot Cafe's Counsel to the following addresses:

Clerk of the Court:
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Class Counsel:                                        Sweet Spot Café's Counsel:
Douglas Lipsky, Esq.                                 Irene Sinayskaya, Esq.
LIPSKY LOWE LLP                                      SINAYSKAYA YUNIVER, P.C.
420 Lexington Ave., Suite 1830                       710 Avenue U
New York, New York 10017                             Brooklyn, New York 11223
Phone:  212. 392.4772                                Phone:  718.402.2240
Fax:  212.444.1030                                   Fax:  718.305.4571

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

Your objections must be postmarked by [INSERT BAR DATE].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of <u>HUZIANKOU ET AL. V. NY SWEET SPOT CAFÉ INC. D/B/A "SWEETSPOT CAFÉ" ET AL.</u>, Case No. 1:18-CV-5715 (RER). If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing. If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement. The Parties may file with the Court written responses to any filed objections. You cannot object to the Settlement and opt-out of the Settlement Class. If you opt-out, you have no basis to object because the case no longer affects you.

## 10. WHEN IS THE FINAL FAIRNESS HEARING?

A hearing before the Honorable Ramon E. Reyes, Jr. U.S.M.J., will be held on _____ at _____ at the United States District Court Eastern District of New York, 225 Cadman Plaza East, Courtroom N208, Brooklyn, New York 11201 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

## 11. CAN I GET FIRED FOR PARTICIPATING IN THE SETTLEMENT?

NO. The law strictly prohibits Sweet Spot Cafe and Defendants Olga Perry and Igor Sonin from retaliating against you for participating in the Settlement. This includes they <u>CANNOT</u> fire you, demote you, reduce your work schedule, reduce your rate of pay or harass you because you participate in the Settlement.

## 12. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you can contact class counsel:

Douglas B. Lipsky
Milana Dostanitch (fluent in Russian)
LIPSKY LOWE LLP
420 Lexington Avenue, Suite 1830
New York, New York 10017
Phone:  212.392.4772.
YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS.

### INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM

*Huziankou et al. V. NY Sweet Spot Café Inc. d/b/a "Sweetspot Café" et al*, No. 1:1:18-CV-5715 (RER)

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE,  SIGN AND RETURN THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [BAR DATE], 2020**

| **CORRECTIONS OR ADDITIONAL INFORMATION** |
| --- |
| Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please provide your name and address here: |
| _____ |
| _____ |
| _____ |
| _____ |

| **Telephone Number:** |
| --- |

The records of NY Sweet Spot Café Inc. d/b/a "Sweetspot Café*"* ("Sweet Spot Cafe") indicate that Sweet Spot Cafe employed you in an hourly position, as a waiter, waitress, server or busser at any time from June 12, 2015 to December 31, 2018, and that you worked during this period for a total of _____weeks. Based on these records, your estimated claim at this point is roughly a minimum of $_____less applicable taxes. If you wish to dispute these figures, please contact Douglas B. Lipsky at 212.392.4772. Only written evidence/documentation will be considered in such a dispute and must be submitted by [BAR DATE].

Provided that you timely submit this Claim Form, your award shall be determined based upon the duration of your employment at Sweet Spot Cafe, as further described in the Notice of Proposed Settlement of Class Action Lawsuit that accompanies this Claim Form. And your award might be greater than the amount listed above if Reversion Payments are issued to the Settlement Class Members. The amount of your award may be subject to tax withholdings.

By signing this, you are (1) opting-into this case under the Fair Labor Standards Act, (2) acknowledging that the weeks worked as set forth above are true and correct to the best of your knowledge and belief, and (3) releasing certain claims you have against the Defendants in connection with them employing you as a waiter, server or busser at any time between June 12, 2015 to December 31, 2018. Specifically, you will be releasing them of all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, attorneys' fees, expenses, matters and issues that (1) concern Defendants' alleged failure to pay the minimum wage and failure to pay overtime premium pay under both the FLSA and the

DocuSign Envelope ID: AC118EE6-2D6C-4A32-BF35-018839F A5EZE

NYLL, failure to pay for all hours worked, failure to pay spread-of-hours pay, unlawfully retaining gratuities, making unlawful deductions, failure to reimburse uniform costs and the associated cost of laundering and maintaining the uniforms, failure to pay to provide the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, and failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and (2) could have been asserted under the New York Labor Law or any other New York statute, under the FLSA or any other federal statute and common law concerning any acts or omissions, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, occurring between June 12, 2015 to December 31, 2018. The "Released Claims" includes all types of relief available for the above-referenced theories of relief, including any unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

By signing this, you are also consenting to receive text messages on any updates on this settlement.

You sign this document and affirm the weeks worked as set forth above as true upon personal knowledge and under penalty of perjury, pursuant to 29 U.S.C. § 1746, state and declare that the above statements and affirmations by you are true and correct:

Date: _____          _____

                                 (Sign your name here)