UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DZIANIS HUZIANKOU, TIMUR KIM, AND AYATOLLA KUANYSH, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NY SWEET SPOT CAFE INC. d/b/a "Sweetspot Cafe," OLGA PERRY and IGOR SONIN, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>No.: 1:18-cv-5715 (RER) |

ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, APPROVAL OF THE SERVICE PAYMENTS, AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter came before the Court on the application of Plaintiffs Dzianis Huziankou, Timur Kim, Ayatolla Kuanysh ("Named Plaintiffs") and NY Sweet Spot Cafe Inc. d/b/a "Sweetspot Cafe," Olga Perry and Igor Sonin ("Defendants") for final approval of the June 11, 2020 Classwide Settlement Agreement and Release (the "Agreement"). The Court having held a Final Fairness Hearing on September 30, 2020 at 11:00 a.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this **9th** day of **October, 2020.**

IT IS HEREBY ORDERED THAT:

1.  For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement, including, but not limited to, the following:

> Settlement Class or Settlement Class Members: The individuals identified on the April 4, 2019 collective action list that Defendants prepared and provided, which

lists all individuals whom Defendants have employed or are employing who hold or held the title of "waiter," "waitress," "server" or "busser" at any time from June 12, 2015 to December 31, 2018, including their respective current, former and future heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, attorneys, and assigns. The Settlement Class shall consist of the following individuals and shall be defined as follows:

a. Rule 23 Settlement Class: Plaintiffs and those listed on the April 4, 2019 collective action list, whom Defendants have employed or are employing who hold or held the title of "waiter," "waitress," "server," or "busser" at any time from June 12, 2015 to December 31, 2018.

b. FLSA Settlement Class: Plaintiffs and those listed on the April 4, 2019 collective action list, whom Defendants have employed or are employing who hold or held the title of "waiter," "waitress," "server," or "busser" at any time from June 12, 2015 to December 31, 2018. Agreement ¶ 28. a-b.

Authorized Claimant. Any Settlement Class Member who timely files a fully completed Claim Form on or before 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members (i.e., Bar Date), and who are entitled to receive a Final Settlement Payment Under this Agreement. Settlement Class Members must timely file a Claim Form so that they are postmarked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 3.

Gross Settlement Sum or GSS. $235,000.00. The GSS includes payments to be made to Authorized Claimants, Class Counsel's attorneys' fees and costs and the Service Payments to Plaintiffs. Except for the payment of the Settlement Expenses and their share of payroll taxes, for which Defendants are solely responsible, Defendants shall not be required to pay any amounts above the GSS under this Agreement ¶ 17.

Net Settlement Sum or NSS. The Gross Settlement Sum less Class Counsel's fees and costs, and the Service Payments. Agreement ¶ 18.

Bar Date. The date that is 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members. Agreement ¶ 4.

Settlement Notice. The notice substantially in the form of Exhibit E to the Agreement. Agreement ¶ 30.

Claim Form. The document that is attached as Exhibit B to the Agreement. Agreement ¶ 5.

Claim Submission Period. The period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date. The Settlement Class Members must timely file a Claim Form so that they are postmarked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 6.

Released Parties. Defendants and all of their affiliated entities, and their past, present, and future parent companies, affiliates, predecessors, successors, partners, owners, joint ventures, affiliated organizations, insurers, reinsurers and assigns. Agreement ¶ 25.

Final Effective Date. The date when the Court enters the Final Approval Order. The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise in the Agreement. Agreement ¶ 15.

Released Claims. "Released Claims" shall become effective on the Final Effective Date and means both the Plaintiffs' Released Claims and the Settlement Class Members' Released Claims as defined in this section hereinbelow.

    a.    Plaintiffs' Released Claims. Plaintiffs' Released Claims include the Settlement Class Members' Released Claims, which are defined immediately below in this Order, and claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues arising in any way from Plaintiffs Dzianis Huziankou's, Timur Kim's, Ayatolla Kuanysh's, and opt-in Plaintiff Maksim Talkachou's employment by Defendants and the Released Parties at any time between June 12, 2015 and December 31, 2018. This includes all claims that Plaintiffs have had, now have or may have in the future, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding, against all Defendants and all Released Parties, both individually and as entities.

    b.    Settlement Class Members' Released Claims. In connection with the Released Parties employing the Settlement Class Members as waiters, waitresses, servers, or bussers at any time between June 12, 2015 and December 31, 2018, the Settlement Class Members will be releasing the Released Parties of all claims, demands,

> rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, attorneys' fees, expenses, matters and issues that (1) concern the Released Parties' alleged failure to pay the minimum wage and failure to pay overtime premium pay under both the FLSA and the NYLL, failure to pay for all hours worked, failure to pay spread-of-hours pay, unlawfully retaining gratuities, making unlawful deductions, failure to reimburse uniform costs and the associated cost of laundering and maintaining the uniforms, failure to pay to provide the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1, and failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and (2) could have been asserted under the New York Labor Law or any other New York statute, under the FLSA or any other federal statute and common law concerning any acts or omissions, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, occurring between June 12, 2015 to December 31, 2018. Further, the Released Claims includes all types of relief available for the above-referenced theories of relief, including but not limited to, any unpaid wages, unpaid overtime, unlawful deductions, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. . . . Agreement ¶ 24. a-b.

Claims Administrator. Analytics Consulting LLC who has and will continue to perform all of the administrative duties assigned in Paragraphs 41, 43 through 46 of the Agreement. Agreement ¶ 7.

Class Counsel: Douglas B. Lipsky and Milana Dostanitch of Lipsky Lowe LLP. Agreement ¶ 9.

Final Fairness Hearing. The hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as this Agreement contemplates. The date of the Final Fairness Hearing shall be set by the Court and notice of such hearing shall be provided to Settlement Class Members and in the Settlement Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members, other than those who are Objectors. To allow for all the events set forth in this Agreement to occur, the Parties shall request that the Court schedule the Final Fairness Hearing for at least 90 days after entering the Preliminary Approval Order. Agreement ¶ 16.

<div style="padding-left: 2em">

<u>Settlement Payment</u>. The payment to an Authorized Claimant, which is calculated using the settlement formula outlined in Paragraph 37 of the Agreement. Agreement ¶ 31.

</div>

2. This Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. This Agreement is the product of arm's-length settlement negotiations.

3. The Settlement Notice given to the Settlement Class Members fully and accurately informs them of the proposed settlement, was the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all Class Members, complying fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

4. No Settlement Class Members exercised their opt-out rights in this lawsuit. 23 Settlement Class Members did not timely exercise their opt-out rights in this lawsuit. Under the Agreement, these Class Members are conclusively deemed to have released or discharged the Released Parties from, and are permanently enjoined and barred from asserting, against the Released Parties, any and all Released Claims in the future. All such matters are hereby finally concluded, terminated and extinguished.

5. As of the date of this Order, and except as to any rights or claims the Agreement creates, the Named Plaintiffs and Authorized Claimants shall be deemed to have forever and fully released the Released Claims against the Released Parties.

6. The Court grants Plaintiffs' Motion for Approval of Class Representative Service Award Payments (Dkt. Nos. 48-49) and awards $10,000.00 to Dzianis Huziankou, Timur Kim and Ayatolla Kuanysh, and opt-in Plaintiff Maksim Talkachou, totaling $40,000.00. These

Service Payments are reasonable in light of the efforts they have expended in furthering the Settlement Class Members' interests, and the risks they incurred by becoming and continuing as litigants.

7. The Court grants Class Counsel's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses (Dkt. Nos. 50-51) and awards them 1/3 of the Gross Settlement Sum in attorneys' fees and expenses, equaling $78,325.50. The fee award is justified by Counsel's substantial experience in prosecuting large-scale wage and hour class and collective actions, the work that Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the risk that Counsel undertook in bringing the claims, and the work that Counsel will likely have to perform following the entry of this Order.

8. The following event series shall be followed in connection with distributing the Individual Payments to the Authorized Claimants:

   i. Defendants shall have 12 months to pay the Settlement Payments, Service Awards and Class Counsel's fees and expenses. Defendants will make 12 equal payments of $19,583.33 to the Claims Administrator as follows: the first payment is to be made 30 calendar days from the date the Court enters the Preliminary Approval Order or August 3, 2020, whichever is later; and the remaining 11 payments to be made within 30 days of each preceding payment. Agreement ¶ 38.

   ii. The Settlement Payments shall be distributed in equal payments beginning 30 calendar days after the Final Effective Date and continue under the schedule set forth above in Paragraph 38 of the Agreement. Agreement ¶ 47. a.

   Aside from the Plaintiffs, the Claims Administrator shall distribute the Settlement Payments to the Authorized Claimants in the order the Authorized Claimants submit their timely and valid Claim Form. For this purpose, the post-mark of the envelope will determine the order in which the Claim Forms are received. If multiple Claim Forms are received on the same date, the Authorized Claimants will be paid in descending order of their Settlement Payment amounts (i.e., those with the larger payments get paid first). The Claims Administrator shall distribute to the Plaintiffs their Settlement Payment before any other Authorized Claimants. If an

      Authorized Claimant's Settlement Payment exceeds the total amount being distributed in a particular month, the Claims Administrator shall distribute the balance of the Settlement Payment in the immediate subsequent payment period(s). Agreement ¶ 47. b.

  iii. The Claims Administrator will distribute one check for each Authorized Claimant, by regular U.S. Mail postage prepaid, within 15 calendar days after the Final Effective Date. Agreement ¶ 47. c.

  iv. Defendants shall remit to the Claims Administrator, which shall be held in escrow, each subsequent installment of the Claims Payment at least 30 calendar days before the payments are to be distributed to the Authorized Claimants according to the schedule set forth in Paragraph 38 of the Agreement. The Claims Administrator will then distribute one check for each Authorized Claimant, by regular U.S. Mail postage prepaid according to the schedule in Paragraph 38 of the Agreement. Agreement ¶ 47. d.

  v. The checks shall be valid for 180 calendar days. If an Authorized Claimant requests a check to be reissued within the 180-day period, the Claims Administrator will, upon confirming that the Authorized Claimant's check was not cashed, reissue that Authorized Claimant's check and remit it to Class Counsel. Reissued checks will be valid until -26- the later of (1) the end of the 180th calendar day period that the initial check was issued or (2) 180 calendar days after the date of the reissued check, whichever is later. Agreement ¶ 47. e.

  vi. The Service Payments shall be distributed as follows: 30 calendar days after the Final Effective Date. Agreement ¶ 47. f.

  vii. The attorneys' fees and costs shall be distributed in equal payments from each Claims Payment installment. The amounts shall reflect the amount of the Court awarded fees and costs relative to the GSS. Accordingly, if the Court awards $78,325.50 in fees and costs, which equals 1/3 of the GSS, the Claims Administrator shall distribute to Class Counsel 1/3 of each Claims Payment installment and shall continue to do so until Class Counsel is distributed the full amount of the Court awarded fees and costs. Payments to Class Counsel shall be made by wire. Agreement ¶ 47. g.

9. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

SO ORDERED:

Dated: October 9, 2020,
Brooklyn, New York

***Ramon E. Reyes, Jr***
Ramon E. Reyes, Jr., U.S.M.J.